STATE OF NORTH CAROLINA V. DANIEL WAYNE CHRISTMAS

No. 136A81

(Filed 4 May 1982)

ON discretionary review pursuant to G.S. 7A-31 to review an opinion of the Court of Appeals, 52 N.C. App. 186, 278 S.E. 2d 535 (1981) (*Martin, Robert M., J.,* with *Clark* and *Martin, Harry C., JJ.,* concurring).

*Rufus L. Edmisten, Attorney General, by Henry T. Rosser, Assistant Attorney General, for the State.*

*J. Samuel Williams for defendant-appellant.*

PER CURIAM.

Defendants Daniel Wayne Christmas, Charles Edsol Thomas, Jr., and Mark Ashley King were convicted of first-degree burglary. We allowed defendant Christmas's petition for discretionary review for the limited purpose of reviewing the question of "whether the trial court erred in failing to grant defendant's Motion for Discovery of the statement of Ned Diggs, Jr., who was originally a co-defendant."

G.S. 15A-903(b) provides:

Upon motion of a defendant, the court must order the prosecutor:

(1) To permit the defendant to inspect and copy or photograph any written or recorded statements *of a codefendant* which the State intends to offer in evidence at their joint trial; and

(2) To divulge, in written or recorded form, the substance of any oral statement made *by a codefendant* which the State intends to offer in evidence at their joint trial. (Emphasis added.)

On 14 March 1980 defendant's counsel forwarded a letter to the Assistant District Attorney pursuant to G.S. 15A-902 requesting divulgence of the substance of any oral statements made by the defendant or any codefendant which the State intended to use or offer in evidence at trial.

An Assistant District Attorney filed a response on 25 March 1980 which stated "there are no statements of codefendants which the State intends to introduce in the joint trial." On the same date the charges against Diggs were dismissed.

Defendant Christmas formally moved for discovery on 3 April 1980 pursuant to G.S. 15A-903, specifically requesting the substance of any oral statement made by a codefendant which the State intended to use or offer at trial.

The Court of Appeals found no error in this assignment of error reasoning that Diggs was not a codefendant on 3 April 1980, the date on which the formal motion for discovery was filed, and that the State is not required to produce statements made by witnesses or prospective witnesses who are not codefendants.

After a careful examination of the record and after considering the reasoning of the Court of Appeals and the oral arguments of counsel, we conclude that defendant's petition for discretionary review was improvidently allowed. Therefore, the order allowing discretionary review is hereby vacated.

Discretionary review improvidently allowed.