STATE OF NORTH CAROLINA v. RICKY L. WOODRUP

No. 824SC483

(Filed 21 December 1982)

1. **Criminal Law § 163— failure to give instructions—entire charge not in record on appeal**

Defendant's contention that the trial court erred in failing to give requested instructions and in failing to give instructions required by the evidence will not be considered on appeal where defendant failed to include

the charge of the court either in the record on appeal or as an appendix to his brief. Appellate Rules 9(c)(1) and 28(b)(4).

**2. Criminal Law § 86.4— impeachment of defendant—prior indictments for crime**
    Cross-examination of defendant as to whether he had previously pled guilty to felonious larceny after three counts of larceny were reduced to one count had the effect of asking defendant whether he had been indicted for other crimes and was improper.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 6 April 1981 in ONSLOW County Superior Court. Heard in the Court of Appeals 11 November 1982.

Defendant was convicted by a jury of robbery with a firearm. From judgment imposing an active sentence of 30 years, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant.*

WELLS, Judge.

[1] In his first, second, fourth, fifth, and sixth arguments, defendant contends that the trial court erred in failing to give instructions requested by defendant or by failing to give other instructions required by the evidence. In order for us to give these arguments effective appellate review, it is necessary for us to review the trial court's entire charge to the jury. Defendant has not included the charge of the Court either in the record on appeal or as an appendix to his brief. This violation of the provisions of Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure requires that we not consider these questions. *See State v. Wilson,* 58 N.C. App. 818, 294 S.E. 2d 780 (1982).

[2] In his third argument, defendant contends that the trial court erred in overruling his objection to impeachment cross-examination. Defendant's assignment of error is based upon the following portions of the State's cross-examination of defendant.

> Q: In 1974, sir, you pled guilty to felonious larceny, is that correct?

A: Felonious larceny, yes.

Q: And that was reduced to three counts of larceny from one count of larceny?

MR. DONLEY: Objection.

THE COURT: Overruled. EXCEPTION NO. 5

Q: Wasn't it, sir?

A: Yes.

Q: Okay, it was also a breaking and entering in a building also, didn't you.

A: No.

Q: You didn't break in a building?

A: No.

As noted by defendant in his brief, the district attorney obviously intended to ask defendant if three counts against him had been reduced to one. These questions clearly had the effect of asking the defendant whether he had been *indicted* for two counts of larceny. In *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), our Supreme Court held that it is reversible error to allow such questions for the purpose of impeaching a defendant in a criminal trial. *See also State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982). The testimony of the victim in this case squarely conflicted with defendant's version of the events which led to defendant's arrest and conviction. Defendant's credibility was, therefore, critical to his defense. We are persuaded defendant was prejudiced by the trial court's action in allowing the prosecutor to ask defendant about *indictments* for larceny. For this error, there must be a

New trial.

Judges VAUGHN and WHICHARD concur.