STATE OF NORTH CAROLINA v. ARNOLD RAY MOORE

No. 828SC1155

(Filed 7 June 1983)

1. **Burglary and Unlawful Breakings § 6.2— first degree burglary—insufficient evidence of felonious intent**

   The evidence was insufficient to support a verdict of felonious breaking or entering where the facts and circumstances, as presented by both the defendant and the State, supported the inference that defendant entered the home because he was coerced and rebutted the inference that defendant entered with the intent to steal. Further, nothing in the evidence supported a finding that defendant entered the home with the intent to commit either felonious assault or rape.

2. **Burglary and Unlawful Breakings § 7— failure to instruct on misdemeanor breaking and entering—error**

   The trial court erred in failing to instruct on misdemeanor breaking and entering where, should the jury disbelieve defendant's evidence of coercion, the only evidence of the defendant's intent to commit a felony in the residence was the fact that the defendant broke and entered a building containing personal property.

3. **Criminal Law § 86.4— impeachment of defendant—prior indictments for crime**

   It was error for the trial court to allow defendant to be cross-examined regarding two prior convictions for misdemeanor breaking and entering by questioning whether he had been indicted for two counts of first degree burglary.

APPEAL by defendant from *Reid, Judge.* Judgment entered 22 April 1982 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 April 1983.

Defendant was indicted for first degree burglary. From a verdict of guilty as charged and a judgment imposing a fifteen-year sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Richard H. Carlton, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant.*

BECTON, Judge.

Defendant has assigned error to the denial of his motion to dismiss the charge of first degree burglary, the refusal of the court to instruct on misdemeanor breaking or entering, the portion of the jury charge explaining the defense of coercion, and the State's cross-examination of him about his prior criminal charges. We find merit in each assignment of error and order a new trial.

I

Defendant was found guilty of first degree burglary. The State contended that defendant intended to commit larceny, felonious assault or rape. We agree with defendant that there was insufficient evidence for the jury to find that the breaking or entering was carried out with an intent to commit a felony. That charge should, therefore, have been dismissed. On a motion to dismiss, the question is whether there is substantial evidence which will support a reasonable inference of the defendant's guilt. When the evidence here is viewed in the light most favorable to the State, we deem it insufficient to support an inference of felonious intent.

The State's evidence tended to show that on the early morning of 6 March 1982, Janice Wright and her brother Jerome Sutton were sleeping in adjacent upstairs bedrooms in their parents' house. Janice's parents and her two younger sisters were asleep downstairs. She heard someone walking across the porch outside the second floor, and she awakened Jerome. She then saw defendant standing behind the door to an unoccupied bedroom. Jerome approached the defendant and asked him what he was doing

there. Defendant indicated that someone was out to kill one of Jerome's sisters. Janice testified that defendant then told her that a man forced him into the house by threatening to cut defendant's throat. Defendant told her that this man was going to get "one of the girls." When Officer Pate of the Kinston Police Department arrived at the scene, the defendant also told him that a man who lived in Carver Courts had forced him to enter the Suttons' house. Defendant was crying and in a drunken condition. He was frisked, but no weapons were found. Officer Pate discovered that a piece of cardboard which had been taped over an upstairs window had been partially pushed away. After defendant was taken to the police station, he gave the following statement: "I was walking home and a man Cogman from Mitchell Wooten Courts, and he held a knife to my throat and said he was going to kill me if I didn't break into 314 East Grainger Avenue (the Suttons' address)."

Defendant testified that he lived two blocks from the Suttons' residence. On the evening of 5 March 1982 defendant had been at Mitchell Wooten Courts with a man who said his name was Cogman. As he was returning home around 3:00 a.m., he saw a man standing by the stairway to the Suttons' house. This man asked defendant to go into the house and tell one of the female occupants to "quit messing around" or "he was going to kick her ass." When defendant refused, the man placed a knife to his neck and told him to start walking up the stairs. Defendant then climbed the stairs believing that the man was behind him. Upon reaching the second floor porch, defendant opened the door and walked into the house. He heard someone in the house and hid behind a door to one of the rooms. After defendant was discovered in the house he did not flee but stayed until the police arrived.

[1] Nothing in this evidence supports a finding that defendant entered the Suttons' home with the intent to commit either felonious assault or rape. The State apparently recognizes this fact, since it merely argues that "there was more than a scintilla of evidence to infer intent to commit larceny on the part of the defendant." In support of its argument that there was a sufficient showing of intent to commit larceny, the State has relied upon the following language in *State v. McBryde*, 97 N.C. 393, 1 S.E. 925 (1887):

The intelligent mind will take cognizance of the fact, that people do not usually enter the dwellings of others in the night time, when the inmates are asleep, with innocent intent. The most usual intent is to steal, and when there is no explanation or evidence of a different intent, the ordinary mind will infer this also. The fact of the entry alone, in the night time, *accompanied by flight* when discovered, is some evidence of guilt, *and in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances*, may warrant a reasonable inference of guilty intent. (Emphasis added.)

*Id.* at 396-97, 1 S.E. at 927. The State's reliance upon this language is misplaced. It is uncontested that defendant entered the Suttons' house at night while they were home and without their consent. The facts and circumstances, as presented by both the defendant and the State, however, support the inference that defendant entered the home because he was coerced and rebut the inference that defendant entered with the intent to steal. Pursuant to the *McBryde* rule, we conclude that there was insufficient evidence to sustain a verdict of felonious breaking or entering. Consequently, the felony count against defendant must be stricken.

## II

[2] Should the jury on retrial disbelieve defendant's evidence of coercion, the remaining evidence would support only a conviction of the lesser included offense of misdemeanor breaking and entering, the wrongful breaking or entering of any building. N.C. Gen. Stat. § 14-54(b) (1981). The trial court, therefore, erred in failing to instruct on this misdemeanor. Our Appellate Courts have consistently found error when trial courts have failed to instruct on misdemeanor breaking or entering in situations "where the only evidence of the defendant's intent to commit a felony in the building or dwelling was the fact that the defendant broke and entered a building or dwelling containing personal property." *State v. Thomas and State v. Christmas and State v. King*, 52 N.C. App. 186, 196, 278 S.E. 2d 535, 542 (1981); *disc. review allowed, State v. Christmas*, 304 N.C. 198, 287 S.E. 2d 127 (1981), *later vacated*, 305 N.C. 654, 290 S.E. 2d 613 (1982); *cert. denied, State v. Thomas*, 305 N.C. 591, 292 S.E. 2d 16 (1982).

### III

[3]  At trial defendant admitted that he had previously pleaded guilty to two counts of misdemeanor breaking and entering. Defendant now assigns error to the following portions of the State's cross-examination regarding each prior conviction:

Q. You plead guilty in that incident as a result of a plea bargain did you not?

A. Yes I did.

Q. On which the charge was reduced?

MR. DUKE: Objection.

COURT: Overruled.

Q. The charge was reduced from first degree burglary to breaking and entering?

A. Yes.

Q. As a result of a plea bargain signed by you and your attorney, Mr. Pollock, at that time?

A. Yes sir.

MR. DUKE: I'd like to approach the bench, Your Honor.

(Mr. Duke and Mr. Heath approach the bench.)

Q. Now Mr. Moore, in that instance, is it not a fact that you were charged on the 8th of January with during the night time between the hours of 2:00 A.M. and 2:30 A.M., of breaking and entering the dwelling of Dexter Mills while it was occupied?

A. Yes sir.

Q. And you plead guilty as a result of a plea bargain to a lesser charge?

A. No sir.

Q. You didn't plead guilty with a plea bargain as a lesser charge?

A. I plead guilty to breaking and entering and probation.

Q. You got probation in that case?

A. Yes sir.

Q. In 1979?

A. Yes.

Q. And the second breaking and entering you have talked about, did that occur on January 21, 1980, almost exactly a year later?

A. Yes sir.

Q. And in that case you plead guilty to misdemeanor breaking and entering and you got a two-year active sentence did you not?

A. Yes sir.

Q. And that was the result of a plea bargain between yourself and the State of North Carolina was it not?

A. Yes sir.

Q. And in that case weren't you originally charged on the 21st of January, 1980 in Lenoir County.

MR. DUKE: Objection to what he was charged with.

COURT: Overruled.

We agree with defendant that this cross-examination violated the rule set out in *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971): A defendant's character may not be impeached by asking about or referring to prior arrests, indictments or charges. In a recent case before our Court, we applied the *Williams* rule and ordered a new trial when the State asked the defendant if several counts of larceny against him had been reduced to one count of larceny, and if he had pleaded guilty to that charge. *State v. Woodrup*, 60 N.C. App. 205, 298 S.E. 2d 439 (1982). We noted that "[t]hese questions clearly had the effect of asking the defendant whether he had been *indicted* for two counts of larceny." *Id.* at 207, 298 S.E. 2d at 440. In the case *sub judice*, the questions had the effect of asking defendant whether he had been indicted for two counts of first degree burglary. This the State is not allowed to do.

### IV

**[4]**   The court failed to inform the jury that the defense of coercion is merely a denial that defendant committed the alleged offense, and that the burden remained on the State to prove defendant's guilt beyond a reasonable doubt. *See, State v. Strickland,* 307 N.C. 274, --- S.E. 2d --- (1983), *State v. Kearns,* 27 N.C. App. 354, 219 S.E. 2d 228 (1975), *disc. review denied,* 289 N.C. 300, 222 S.E. 2d 700 (1976), and Pattern Jury Instructions N.C.P.I. Crim.—310.10. The trial court's instruction on coercion in the case *sub judice* did not comply fully with the mandate of *State v. Strickland.*

For the foregoing reasons, defendant must have a

New trial.

Judges WELLS and EAGLES concur.