STATE OF NORTH CAROLINA
v.
ALTON BRADY MAYS.
No. COA07-78
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General T. Lane Mallonee, for the State.
William D. Spence for defendant-appellant.
HUNTER, Judge.
Alton Brady Mays ("defendant") appeals from a judgment entered on 26 April 2006 pursuant to a jury verdict finding him guilty of felonious breaking and entering, felonious possession of stolen goods, and felonious possession of a firearm by a felon. Defendant was sentenced as a Class C Habitual Felon to a minimum of 122 months' and a maximum of 156 months' imprisonment. After careful consideration, we find no prejudicial error.
On 23 June 2005, Deputy Dwayne Ledbetter of the Moore County Sheriff's Department responded to a report of a possible breaking and entering at the home of Frank and Georgia Layne ("the Laynes") in Carthage, North Carolina. Upon arriving at the residence, he found that the back door had been kicked in or forced open with something and the home had been ransacked. Deputy Ledbetter was unable to obtain any fingerprints from the scene. The Laynes reported the following items missing: A television, VCR, satellite receiver, two guitars, three dobros, a mandolin, a banjo, a .22 caliber rifle, a 30/30 rifle, a twelve-gauge shotgun, a nine-millimeter pistol, and a .22 caliber pistol.
Moore County Detective Sergeant Bradley Whitaker was told by Pinehurst Police Detective Darrell Bender that, during a vehicle search, he noticed a mandolin in the possession of Mark Weaver ("Weaver"). Detective Whitaker contacted Weaver. Weaver told Detective Whitaker that defendant, Janice Campbell ("Campbell"), and Joe Smith, Jr. ("Smith"), had brought the mandolin to his house and left it. Weaver, after retrieving the mandolin from an acquaintance, turned it over to Detective Whitaker. The Laynes subsequently identified the mandolin as one of the instruments stolen from their home.
Detective Whitaker then executed a search warrant of Weaver's home, which revealed marijuana and a .22 caliber rifle which was identified as being stolen from the Layne home. Weaver was charged with drug offenses and possession of a stolen firearm. Weaver gave a statement to police and later testified that defendant, Campbell, and Smith brought the mandolin to his home. Weaver also stated that he saw other firearms which defendant, Campbell, and Smith had laid out on a bed downstairs. Weaver testified that defendant brought the .22 caliber rifle to Weaver in his room and removed the stock, but left the rifle with Weaver. Weaver also testified that defendant, prior to trial, asked him to change his statement to law enforcement officers.
Smith was arrested and charged with breaking and entering, larceny, and possession of stolen goods in connection with the break-in of the Layne home. He pled guilty to possession of stolen goods, and the other charges were dropped.
Smith testified at defendant's trial that he drove Campbell and defendant to the Laynes' home. Upon arriving at the home, Smith noticed that defendant took a large screwdriver from the car and walked to the home's back door. Smith helped defendant and Campbell load the car with a television, VCR, satellite receiver, two handguns, two shotguns, two rifles, a watch, musical instruments including guitars, a mandolin, and a banjo, and other items in a pillow case. Upon exiting the home, Smith noticed that the door casing was broken and splintered and the door had been forced open. After the items were loaded, they went to Weaver's home; the details of that visit are set out above.
Detective Medlin contacted defendant and Campbell on 28 June 2005. Defendant denied any involvement in the break-in but showed Detective Medlin where some of the guns had been taken. Detective Medlin was then able to locate some of the stolen items and return them to the Laynes.
Mrs. Georgia Layne testified that Campbell was her niece and had been in the home on several occasions and was aware of where the stolen items were kept. Mrs. Layne, however, stated that Campbell knew she was not welcome in the home, and that she did not have permission to take anything from the home.
Defendant, who did not present evidence at trial, presents the following issues for this Court's review: (1) whether the trial court erred in denying defendant's motion to dismiss the felonious breaking and entering charge; (2) whether the trial court erred in denying defendant's motion to dismiss on the felonious possession of stolen goods charge; (3) whether the trial court erred in denying defendant's motion to dismiss on the possession of a firearm by a felon charge; and (4) whether the trial court erred in responding to the jury's questions after the charge.
The standard of review on appeal of the denial of a criminal defendant's motion to dismiss for insufficient evidence is whether the State has offered substantial evidence to show the defendant committed each element required to be convicted of the crime charged. State v. Williams, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Substantial evidence is evidence that is existing, not just seeming or imaginary. State v. Irwin, 304 N.C. 93, 97-98, 282 S.E.2d 439, 443 (1981). "Upon a motion to dismiss in a criminal prosecution, the trial court must view the evidence in the light most favorable to the state, giving the state the benefit of every reasonable inference that might be drawn therefrom." State v. Etheridge, 319 N.C. 34, 47, 352 S.E.2d 673, 681 (1987).

I.
Defendant argues that there was insufficient evidence to find that he intended to commit a felony when he entered the Layne home. We disagree.
The elements of felonious breaking and entering are: (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. N.C. Gen. Stat. § 14-54(a) (2005); State v. Jones, 151 N.C. App. 317, 328, 566 S.E.2d 112, 119 (2002). As to the element of intent, what a defendant does after breaking and entering is evidence of his intent at the time of the breaking and entering. State v. Gray, 322 N.C. 457, 461, 368 S.E.2d 627, 629 (1988).
Taking the evidence in the light most favorable to the State, the facts presented at trial are these: Defendant, Campbell, and Smith drove to the Laynes' home for the purpose of removing property. Defendant had a large screwdriver when he went to the back of the home. The back door was later found to have been forced or pried open. Defendant, Campbell, and Smith also carried property out of the home, loaded it in a car, and transported it away. Although defendant argues that this cannot establish intent, the facts that the door was pried or forced open and that the items were sold and/or hidden shortly after they were taken permit the reasonable inference that defendant was aware that he did not have permission to enter the home or remove any items from the home.
We find the cases relied on by defendant to be distinguishable from the facts of this case. InState v. Cook, 242 N.C. 700, 703, 89 S.E.2d 383, 385 (1955), our Supreme Court found no evidence of intent where the defendant: (1) did not flee upon being discovered; (2) did not remove any property; and (3) tip-toed out of the room upon being requested to leave. In the instant case, defendant was not discovered inside the home and was therefore never requested to leave. Moreover, there is substantial evidence that property was actually removed from the Layne home. Accordingly, we find Cook distinguishable from the instant case.
In State v. Lamson, 75 N.C. App. 132, 135, 330 S.E.2d 68, 70 (1985), this Court found no evidence of intent to commit a larceny on a first degree burglary charge. In that case, the State only presented evidence that the defendant was standing outside of a home, had opened a window, and may have attempted to enter through the back door. Id. at 132, 330 S.E.2d at 69. In the instant case, there is evidence that defendant entered the home by using a screwdriver, ransacked the Layne home, and removed items from it. The facts of Lamson fail to support defendant's argument that there was insufficient evidence of intent in this case.
Defendant also relies on State v. Moore, 62 N.C. App. 431, 433, 303 S.E.2d 230, 232 (1983), where this Court found no evidence of intent to commit either a felonious assault or rape on a first degree burglary charge because the State's evidence showed that the defendant was coerced to enter the home. Here, there is no evidence that defendant was coerced to enter the home. The evidence presented by the State tends to establish that defendant voluntarily exited Smith's vehicle with Campbell and removed items from the Layne home without permission. Thus, we find Moore distinguishable from the case at bar.
Defendant also argues that the State cannot rely on the uncorroborated testimony of Smith to establish the elements of breaking and entering. We disagree.
"It is well-established that the uncorroborated testimony of an accomplice will sustain a conviction so long as the testimony tends to establish every element of the offense charged." State v. Keller, 297 N.C. 674, 679, 256 S.E.2d 710, 714 (1979). While defendant argues that Smith's testimony was not believable because he admitted to being a heavy drug user, the credibility of a witness is a matter for the jury rather than the trial court. See id.
This general rule does not apply where the only testimony justifying submission of the case to the jury is inherently incredible and in conflict with the physical conditions established by the State's own evidence. State v. Miller, 270 N.C. 726, 732, 154 S.E.2d 902, 905-06 (1967). That case, however, involved whether it was physically possible, given the undisputed facts of the cases, for the witness to have seen the defendant well enough to identify him. Id. Such is not the case here. Smith was actually present during the alleged break-in, and there is no question that he was in close enough proximity to positively identify defendant. Accordingly, defendant's assignments of error as to this issue are rejected.

II.
Defendant next argues that the trial court erred in denying his motion to dismiss the charge of felonious possession of stolen property. We disagree.
The essential elements of possession of stolen property are: (1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose. State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (footnote omitted). In the instant case, defendant contends that the State failed to present evidence which tended to show that he knew or had reasonable grounds to believe that the items removed from the Layne home were stolen.
The evidence taken in the light most favorable to the State shows that defendant had reasonable grounds to believe that the items were stolen. The door to the home was pried open, the home had been ransacked, and defendant, with the assistance of others, hid and/or sold the goods after taking them out of the home. The fact that the door to the home was pried open, taken in the light most favorable to the State, tends to negate any inference that defendant was in the home with permission. Defendant ultimately showed police where he had put some of the musical instruments. In his own statement, he admitted to helping sell the guitars. This evidence is sufficient to submit to the jury that defendant knew, or had reasonable grounds to believe, that the items in his possession were stolen. Accordingly, defendant's assignment of error as to this issue is rejected.

III.
Defendant next argues that the trial court erred in denying his motion to dismiss the charge of possession of a firearm by a felon. We disagree.
It is unlawful for a felon to possess "any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c)." N.C. Gen. Stat. § 14-415.1(a) (2005). In this case, the indictment alleged that defendant was in possession of, inter alia, a .22 caliber Marlin rifle. Defendant argues that the only evidence presented at trial puts him in possession of a .22 caliber rifle, not the .22 caliber Marlin rifle alleged in the indictment. Accordingly, defendant argues that there is a variance between the offense charged and the offense established by the evidence and thus, the State has failed to establish the charged offense. See State v. Picken, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) ("'[a] variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged'") (citation omitted).
Contrary to defendant's contention, however, the .22 caliber rifle defendant delivered to Weaver and later confiscated by Detective Whitaker in a search of the Weaver home was identified by Detective Whitaker as a .22 caliber Marlin rifle. Moreover, Weaver testified that defendant was in possession of this rifle and had brought it up to his room. We hold that this is substantial evidence sufficient to submit the charge to the jury. Defendant argues that this Court's decision in State v. Langley, 173 N.C. App. 194, 618 S.E.2d 253 (2005), mandates a different result. In that case, the State had alleged that the defendant was in possession of a handgun. Id. at 196, 618 S.E.2d at 255. The evidence presented at trial, however, tended to show that the defendant was actually in possession of a sawed-off shotgun. Id. This Court found a fatal variance between the criminal offense charged and the offense established by the evidence in that case because we were interpreting a previous version of N.C. Gen. Stat. § 14-415.1. Id. at 197, 618 S.E.2d at 256-57. The prior 2003 version distinguished between a "handgun" and "other firearm[s.]" See N.C. Gen. Stat. § 14-415.1(a) (2003). Under the newer version of N.C. Gen. Stat. § 14-415.1, however, the distinction between "firearms" and "handguns" has been removed. See N.C. Gen. Stat. § 14-415.1 (2005). Instead, the statute now bars a felon from possessing "any firearm or any weapon of mass death and destruction[.]" Id. Accordingly, in this case, the State needed only to put on evidence that defendant was in possession of a firearm in order to avoid a fatal variance. The State did so at trial, and we thus find no variance between defendant's indictment and the evidence presented at trial.
Defendant again argues that Smith's testimony should not have been believed as to the issue of possession of a firearm and that the trial court should have dismissed the charge on that ground. For the reasons stated in section I of this opinion, we again reject defendant's argument. Accordingly, defendant's assignments of error as to this issue are rejected.

IV.
Defendant's final argument is that the trial court erred in responding to certain questions asked by the jury and that the response violated the statutory mandates in N.C. Gen. Stat. §§ 15A-1222 and 15A-1232 (2005). We disagree.
Under N.C. Gen. Stat. § 15A-1222, the trial judge "may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Under N.C. Gen. Stat. § 15A-1232, the trial judge, when instructing the jury, "shall not express an opinion as to whether or not a fact has been proved and shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." Although both the State and defendant argue that the standard of review on this issue is plain error, the standard is not so clear.
Our Supreme Court has refused to apply plain error review in this situation and held that the statutory prohibitions are mandatory and "[a] defendant's failure to object to alleged expressions of opinion by the trial court in violation of those statutes does not preclude his raising the issue on appeal." State v. Young, 324 N.C. 489, 494, 380 S.E.2d 94, 97 (1989) (citing State v. Ashe, 314 N.C. 28, 331 S.E.2d 652 (1985); State v. Bryant, 189 N.C. 112, 126 S.E. 107 (1925)). Our Supreme Court has also held, however, that a defendant must show prejudice by a trial judge's remarks in order to receive a new trial. State v. Weeks, 322 N.C. 152, 158, 367 S.E.2d 895, 899 (1988). Even assuming trial court error, because we find that defendant invited any error that occurred in this case, the standard is not material to the disposition of this appeal.
During deliberations, the jurors sent a note to the trial judge with the following questions: "Does riding in a car where you know there are guns in the trunk constitute possession? Does being in a house with displayed guns constitute possession?" The trial judge proposed answering the questions as follows:
And I would say riding in a car where you know there are guns in the trunk constitute[s] possession, generally speaking, I would say no unless that is your car. If that's your car, then that is possessing. But if it's not your car, then no would be the answer to that question.
Does being in a house with displayed guns constitute possession? If it's your home, yes, it's possession. It's constructive, if not actual, possession. But if it's  if you're just at someone's home and they happen to have guns in it and you don't live there, that wouldn't be possession.
The State requested that the trial court re-read the instructions on actual and constructive possession instead of giving the proposed response. Defense counsel objected to the re-instruction but agreed with the trial court's proposed responses to the jury questions.
Even assuming error, where counsel specifically requests the trial court to do something, any error occurring as a result of the requested action will be considered "invited error" and will not be heard on appeal. State v. Patterson, 332 N.C. 409, 415, 420 S.E.2d 98, 101 (1992). Here, when defense counsel requested that the trial judge give the proposed response to the jury's questions, he invited any error that occurred as a result of that response. Accordingly, defendant's assignment of error as to this issue is rejected.

V.
In summary, we hold that the trial court did not err in denying defendant's motion to dismiss the charges brought against defendant. We also hold that any error committed by the trial court with regards to its response to jury questions was invited error and is not reviewable on appeal. Accordingly, we find that defendant's trial was free of prejudicial error.
No prejudicial error.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).