STATE OF NORTH CAROLINA v. WILLIAM HOWARD FREEMAN

No. 17

(Filed 2 June 1981)

**Criminal Law § 34.5; Rape § 4.1 — prior sexual misconduct — admission as substantive evidence proper**

> In a prosecution of defendant for first degree rape, a sexual offense in the first degree, and first degree burglary where the evidence tended to show that the victim discovered defendant standing naked in her bathroom, defendant told the victim that he had previously made obscene phone calls to her and that he was sick, defendant committed oral sex upon the victim, raped her, again committed oral sex, masturbated in front of her, and requested that she urinate upon him, but defendant offered evidence of alibi, the question of whether defendant was indeed the perpetrator was raised, and there was therefore no error in admitting as substantive evidence a witness's testimony that defendant lived in the house behind her and that she had seen him standing nude, outside, directly behind her house on forty or fifty occasions, that defendant would sometimes abuse himself, and that he had used much profane language, since the unusually bizarre nature of defendant's activity observed by both the neighbor and the victim coupled with the similarity of the incidents both observed provided the basis for a reasonable inference that the man who appeared on the neighbor's premises was the same man who appeared on the premises of and ultimately raped the victim.

BEFORE *Judge Canaday,* presiding at the 16 June 1980 Criminal Session of CUMBERLAND Superior Court, and a jury, defendant was tried on indictments consolidated for trial charging him with: (1) first degree rape; (2) "a sexual offense in the first degree . . . to wit: oral sex, by force and against her will and with the use of a deadly weapon, to wit: a pistol . . . ."; and (3) first degree burglary. Defendant was convicted as charged and sentenced to life imprisonment in the rape case, not less than forty nor more than fifty years in the sexual offense case, and not less than thirty nor more than forty years in the burglary case, all sentences to run consecutively. Defendant appeals the rape case pursuant to G.S. 7A-27(a). We allowed defendant's motion to bypass the Court of Appeals in the sexual offense and burglary cases on 26 November 1980.

*Rufus L. Edmisten, Attorney General, by Myron C. Banks, Special Deputy Attorney General, for the State.*

*Gregory A. Weeks, Assistant Public Defender, for the defendant.*

EXUM, Justice.

The sole question presented by this appeal is whether the admission of evidence regarding defendant's prior sexual misconduct was properly admitted as substantive evidence tending to prove defendant's guilt of the crimes charged against him. We conclude that it was and find no error in defendant's trial.

The state's evidence tended to show the following: At approximately 1:00 a.m. on 5 February 1980 the prosecuting witness, Betty Whitman, finished watching television and went to bed. A few minutes later she heard and arose to investigate a noise, whereupon she discovered defendant, standing naked, in her bathroom. She led defendant into her living room where, under a pillow on the couch, she had hidden a pistol. She drew the pistol and ordered defendant to leave. Defendant knocked the pistol to the floor, and Ms. Whitman fled the house. After retrieving the pistol, defendant ran after her. After catching her he knocked her to the ground, stuck the pistol against her side, and ordered her back into the house.

Shortly thereafter defendant informed her that it was he who had made obscene telephone calls which she had received during the previous three months, and that it was he whom she had seen in her backyard on a previous Saturday night. Defendant "kept saying that he was sick, that he needed help, and that he couldn't get help because he was black." Defendant then committed oral sex upon the prosecuting witness, after which he raped her, again committed oral sex, masturbated in front of her, and requested that she urinate upon him. He promised to return the following night and left.

The prosecuting witness positively identified defendant both at a pre-trial lineup and at trial as being her assailant.

Defendant offered several witnesses tending to establish an alibi for the evening and early morning hours on 4-5 February 1980. Defendant testified that he had never been in the prosecuting witness' home and had not committed rape or oral sex upon her. On cross-examination defendant testified that he lived with his sister whose house was located next to that of "the Walters." He was then asked, "Isn't it a fact that you appeared nude in their [the Walters'] backyard over forty times?" He responded, "No sir, it's not."

In rebuttal the state offered the testimony of Patricia Walters. She testified that defendant "lived behind us," that she had known him since he was a young boy, and that his "reputation and character . . . in the community . . . is certainly not good." She then testified, over defendant's objection, that she had seen him standing nude, outside, "directly behind my house" on forty or fifty occasions. Ms. Walters further testified that when defendant, standing nude, realized that she was watching him he would "sometimes . . . just ignore me, and sometimes I would ignore him. Sometimes he would abuse himself, and on more than one occasion, he has used much profane language."

Defendant assigns as error the admission of Patricia Walters' testimony on rebuttal. Defendant contends that this was evidence of unrelated prior misconduct which the state was improperly allowed to use in proving the commission of the offenses charged. We disagree.

We note first that we need not decide whether defendant's conduct in the presence of Ms. Walters would have subjected him to criminal prosecution under, for example, G.S. 14-190.9 (indecent exposure) or G.S. 14-134 (trespass). This conduct was, in any event, morally reprehensible and unacceptable to society generally. The principles governing its admissibility are, therefore, the same as those governing the admissibility of conduct which is clearly criminal. We have applied these principles in our resolution of the question presented.

"The general rule is that '[e]vidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime.' 1 Stansbury's North Carolina Evidence, § 91, pp. 289-290 (Brandis rev. 1973)." *State v. Keller*, 297 N.C. 674, 679, 256 S.E. 2d 710, 714 (1979). If consequently, the evidence tends to identify the accused as the perpetrator of the crime charged it is admissible notwithstanding that it also shows defendant to be guilty of another criminal offense. "Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed

by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged." *State v. McClain*, 240 N.C. 171, 175, 81 S.E. 2d 364, 367 (1954); *accord, State v. Perry*, 275 N.C. 565, 571, 169 S.E. 2d 839, 834 (1969).

The principal issue in this case was that of identification of defendant. Although Ms. Whitman positively identified defendant as her assailant, defendant's evidence of alibi made the question of whether defendant was, indeed, the perpetrator the very heart of the case. It was, therefore, proper for the state, in rebuttal, to offer evidence probative of this question.

We think the testimony of Ms. Walters was probative of this question. It did tend to identify defendant as the perpetrator of the crimes against Ms. Whitman. This is so because the circumstances of the crimes charged and those of the offenses observed by Ms. Walters tend to show that both were committed by the same person. The victim, Ms. Whitman, testified that when she first observed her assailant he was standing naked in her bathroom. After he raped her he masturbated in her presence. Ms. Walters testified that she had on numerous occasions observed defendant on her premises in her presence standing naked and that on some of these occasions defendant would masturbate.

The unusually bizarre nature of defendant's activity observed by both Ms. Walters and Ms. Whitman coupled with the similarity of the incidents both observed provide the basis for a reasonable inference that the man who appeared on Ms. Walters' premises was the same man who appeared on the premises of and ultimately raped Ms. Whitman. We note further that Ms. Whitman's assailant acknowledged himself to be sick and in need of help. Ms. Walters' description of defendant's activities in her presence point not only to the fact that defendant was, indeed, sick, but also to the fact that his sexual aberrations were of such longstanding and so bizarre that his sickness would likely have become self-apparent.

We conclude, therefore, that there was no error in the admission of Ms. Walters' testimony as substantive evidence of defendant's guilt. A number of our cases as well as cases from other jurisdictions support this conclusion. *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978); *State v. Thompson*, 290 N.C. 431, 226

Easter v. Hospital

S.E. 2d 487 (1976); *State v. McClain*, 282 N.C. 357, 193 S.E. 2d 108 (1972); *Corpus v. Estelle*, 571 F. 2d 1378, *reh. denied*, 575 F. 2d 881 (5th Cir. 1978); *Commonwealth v. Kline*, 361 Pa. 434, 65 A. 2d 348 (1949); *Sanford v. State*, 76 Wis. 2d 72, 250 N.W. 2d 348 (1977); *Hough v. State*, 70 Wis. 2d 807, 235 N.W. 2d 534 (1975); *Lingerfelt v. State*, 147 Ga. App. 371, 249 S.E. 2d 100 (1978). *But see State v. Gammons*, 258 N.C. 522, 128 S.E. 2d 860 (1963). *See generally* Annot., "Admissibility, In Prosecution for Sexual Offense, of Evidence of Other Similar Offenses," 77 A.L.R. 2d 841 (1961), and Later Case Service (1975, 1981).

In defendant's trial we find

No error.