STATE OF NORTH CAROLINA v. JAMES FRANCIS BREEDEN

No. 1A82

(Filed 3 August 1982)

1. Criminal Law § 34— inadmissibility of evidence of defendant's commission of another crime—failure to identify defendant as participant in other crime— evidence improperly admitted

In a prosecution for armed robbery, the trial court erred in admitting evidence relating to defendant's commission of a crime other than the one for which he was being tried since, even though there were substantial similarities in the two crimes, defendant was not identified as a participant in the other crime, there was no direct evidence that defendant was one of the two men who robbed the other store, and the testimony did not come within one of the exceptions enumerated in *State v. McClain,* 240 N.C. 171 (1954).

2. Criminal Law § 66.18— error to summarily deny defendant's motions to sup-- press in-court identifications

The trial court erred in summarily denying defendant's motions to suppress the in-court identification by three witnesses since defendant's motions to suppress alleged a legal basis for the motion (competency of the evidence in that none of the three had been able to give an out-of-court identification), were supported by proper affidavits which supported the basis, and were uncontradicted by answer or denial of the State. G.S. § 15A-977(d).

3. Criminal Law § 66.18— error to deny motion to suppress in-court identification — supporting affidavit—burden shifted to State

The trial court erred in denying defendant's motion to suppress the in-court identification by a witness, who defendant contended had given a pretrial identification as the result of impermissibly suggestive out-of-court identification procedures, for failure of proof since defendant satisfied his burden of going forward with the evidence by complying with the affidavit re-

quirement of G.S. § 15A-977, and at that time, the burden shifted to the State to prove by a preponderance of the evidence that the evidence was admissible.

Justice MARTIN took no part in the consideration or decision of this case.

APPEAL by defendant from judgments entered by *Braswell,* *J.* at the 3 August 1981 Criminal Session of Superior Court, CUMBERLAND County.

Defendant was tried on four separate bills of indictment charging him with armed robbery. The four cases were consolidated for trial. From verdicts of guilty on all four counts and four sentences of life imprisonment imposed thereon, defendant appeals pursuant to G.S. § 7A-27(a).

*Rufus L. Edmisten, Attorney General by K. Michele Allison, Associate Attorney and Charles J. Murray, Special Deputy Attorney General, for the State.*

*John G. Britt, Jr., Assistant Public Defender, for Defendant-Appellant.*

MEYER, Justice.

Defendant assigns as error, *inter alia,* the trial court's denial of his motion *in limine* to exclude evidence of other charges or investigation involving offenses other than these on trial and allowing testimony relating to offenses for which he was not on trial. For the reasons set forth below, we hold that the court's rulings with respect to this motion were erroneous and that defendant is entitled to a new trial.

Pertinent to our discussion are the following facts: On the morning of 15 August 1980, two men entered Horne's Grocery and Package Store on Person Street in Fayetteville. The taller of the two wielded an automatic pistol; the shorter carried a rifle. Both men wore ski-type masks covering the upper portion of their faces. After announcing an intent to hold up the store, the men took money from the cash register, as well as personal items of jewelry and money from two employees, James Wiggins and Rachel Horne, and from two customers who were present in the store. A .32 revolver belonging to Rachel Horne was also stolen.

Several months after the robberies, the defendant was apprehended by a police officer investigating a shooting which, he

was told, involved the defendant. A search of defendant's vehicle uncovered three guns of various types, including the one belonging to Rachel Horne which was stolen in the robbery of Horne's Grocery.

The major issue in this case is whether the trial court's admission of the testimony of Thomas Odom concerning defendant's commission of another robbery constitutes reversible error. We hold that it does.

It is unnecessary to recite all of Odom's testimony at this time. It will suffice to give a summary relevant to the issue. Following a voir dire, and over defendant's objection, the State introduced the testimony of Thomas Odom relating to a robbery of a Wiener King restaurant, Odom's place of employment located within 100 yards of the grocery, which occurred within less than fourteen hours of the robbery of Horne's grocery. The witness Odom testified on voir dire that he observed the defendant for a period of 30 to 45 minutes at approximately 9:30 p.m. on the night of 14 August 1980; that he paid particular attention to the defendant and his companion who was shorter and stockier than the defendant because of their peculiar actions which he attributed to their intoxication; he described the car in which the defendant arrived as a 1978 or 1979 beige and brown Thunderbird; that shortly after closing at 10:00 p.m. on that date he was the victim of an armed robbery in the kitchen of the Wiener King committed by two individuals, one of which he described as the defendant's companion earlier in the night who was wearing the exact same clothes; he stated that the other taller robber "looked like the same guy that had come in earlier;" he described a small brown flat top hat worn by the taller robber and identified State's Exhibit No. 5 as the same type of hat; he identified State's Exhibit No. 4 as looking like the same gun used by the taller robber; on several subsequent occasions he had seen the defendant driving the same Thunderbird and had tried unsuccessfully to get the license plate number; and he identified the defendant's photograph. The witness testified to essentially the same facts in the presence of the jury; however, he was not allowed to testify that he had formed an impression that the defendant was the taller of the two robbers. The State argues that the evidence, notwithstanding its circumstantial nature, is sufficient to identify the defendant as the robber of the Wiener King. We do not agree.

While there are substantial similarities in the two crimes, particularly with regard to the race, height, and size of the robbers, the description of the hat and the fact that it was worn by the taller man, the proximity of the buildings, the gun, car, etc., there is no *direct* evidence that defendant was one of the two men who robbed the Wiener King.

[1] The general rule regarding the admissibility of evidence relating to the defendant's commission of a crime other than the one for which he is being tried is stated as follows:

> 'Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime.' 1 Stansbury, N.C. Evidence § 91 (Brandis rev. 1973); *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972); *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206 (1971). *See also State v. Jackson,* 284 N.C. 321, 200 S.E. 2d 626 (1973); *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973).

*State v. Cates,* 293 N.C. 462, 469, 238 S.E. 2d 465, 470 (1977). The exceptions to the rule of inadmissibility, as classified and enumerated in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954), are as well established as the rule. The exceptions most relevant to this case are exceptions numbered 4 and 6 which read as follows:

> 4. Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. (Citations omitted.)
>
> . . . .
>
> 6. Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. (Citations omitted.)

> Evidence of other crimes receivable under this exception is ordinarily admissible under the other exceptions which sanction the use of such evidence to show criminal intent, guilty knowledge, or identity.

240 N.C. at 175-76, 81 S.E. 2d at 367.

The defendant argues that the State was not entitled to put on Odom's testimony under *McClain* exception number 4 because, in spite of his efforts to keep the testimony out, three of the victims were permitted to identify him at trial and therefore identity was not an issue. We cannot agree. The vigorous cross-examination of those identification witnesses in fact made identification the principal issue.

In *State v. Freeman*, 303 N.C. 299, 278 S.E. 2d 207 (1981), a rape victim positively identified the defendant. Defendant put on alibi evidence thereby making identification the principal issue in the case. The State was permitted to put on evidence of similar acts other than the rape with which defendant was charged to prove his identity as the perpetrator.

Had the defendant been identified as one of the participants in the Wiener King robbery, the evidence of that crime would have been admissible here on the issue of identification. It is not the absence of a question of identification, but the failure to identify defendant as a participant in the Wiener King robbery which makes the evidence inadmissible in the case *sub judice*. For the same reason, Odom's testimony was not admissible under *McClain* exception number 6 as tending to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission.

For this prejudicial error committed during the course of the trial, defendant is entitled to a new trial.

[2] The defendant also assigns as error the court's denial of defendant's motions to exclude certain in-court identifications. Motions to exclude in-court identification of the defendant by each of the four Horne's store robbery victims were made in compliance with the procedural mandates of G.S. § 15A-977(a). The affidavits accompanying the motions stated that the witnesses Horne and Wiggins were unable to identify the defendant from

photographic line-ups, and that witness Freeman neither gave a description to police officers, nor was he shown a photographic line-up. Defendant, apparently anticipating that his motions as to Horne, Wiggins and Freeman would be granted as a matter of course, did not request a voir dire hearing. The trial court denied defendant's motions without making findings of fact and indeed without conducting a hearing.

We hold that the trial judge was in error in summarily denying defendant's motions to suppress the in-court identification by witnesses Horne, Wiggins and Freeman. G.S. § 15A-977(c) allows summary denial of a motion to suppress evidence if:

(1) the motion does not allege a legal basis for the motion; or

(2) the affidavit does not as a matter of law support the ground alleged.

Defendant's motions to suppress alleged a legal basis for the motions (competency of the evidence), were supported by proper affidavits which support the basis, and were uncontradicted by answer or denial of the State. The motions, having raised legal issues and being properly supported by affidavits were not subject to summary denial. Moreover, G.S. § 15A-977(d) states that "[i]f the motion is not determined summarily the judge *must* make the determinations after a hearing and finding of facts." (Emphasis added.) Even in the absence of a request for the same, defendant was entitled to a voir dire hearing to determine the admissibility of the identification testimony.

[3] The motion pertaining to witness George Russell stated that pretrial identification *was* made, but was the result of impermissively suggestive out-of-court identification procedures. Defendant, apparently believing that his motion as to Russell was less certain to be granted, requested a voir dire hearing on that motion and the following exchange took place:

MR. BRITT: As to the procedural conducting of the hearing, I would take the position that it is the State's burden to go forward at this time.

COURT: I am aware of such contentions and I am aware of the law on this subject and I am also aware that the Supreme Court has ruled that it is not per se improper to

call upon the Defendant to go forward first so long as everybody knows that the burden of proof is always on the State. I now call upon you to go forward.

MR. BRITT: Your Honor, I am not prepared to go forward. I don't know if Mr. Russell is present or the officers involved. They are under subpoena I understand, made on application by the State.

COURT: Then for the failure of proof, your motion is denied.

We hold that the trial court also erred in denying the motion to suppress the in-court identification by George Russell for failure of proof. The affidavit supporting the motion as to the witness Russell stated that Russell had identified defendant from a photographic line-up as the taller robber while the witnesses present had described the taller robber as wearing a toboggan mask or ski mask to disguise his facial features. While this affidavit might have been more specific, we conclude that it adequately supported defendant's motion to suppress. Defendant satisfied his burden of going forward with the evidence by complying with the affidavit requirement of G.S. § 15A-977, at which time the burden shifted to the State to prove by a preponderance of the evidence that the evidence was admissible. *State v. Johnson,* 304 N.C. 680, 285 S.E. 2d 792 (1982); *see State v. Gibson,* 32 N.C. App. 584, 233 S.E. 2d 84 (1977). On appeal this Court is bound by the trial judge's findings of fact if there is competent evidence in the record to support them. *See State v. Barfield,* 298 N.C. 306, 259 S.E. 2d 510 (1979), *cert. denied,* 448 U.S. 907, 65 L.Ed. 2d 1137 (1980).

For the reasons stated herein, defendant is entitled to a

New trial.

Justice MARTIN took no part in the consideration or decision of this case.