State v. Williams

---

STATE OF NORTH CAROLINA v. FRANKIE WILLIAMS

No. 858SC1264

(Filed 5 August 1986)

**1. Criminal Law § 34.5— evidence of another crime—admissibility to show identity of defendant**

In a prosecution of defendant for armed robbery where defendant presented evidence of alibi, the principal issue was the identity of defendant as the perpetrator of the crimes charged, and the trial court therefore did not err in admitting testimony concerning another armed robbery which occurred two days after the robberies with which defendant was charged where witnesses testified that on both occasions defendant was picked up in a taxi at a public place at approximately the same time; the weapon used in each offense was a knife with a blade about five or six inches in length; the robberies occurred upon arrival at the destination given to the driver; and defendant was identified as the robber.

**2. Criminal Law § 95.2— testimony admitted for limited purpose—instruction sufficient**

There was no merit to defendant's contention that the trial court failed to instruct the jury that a witness's testimony was admitted only for the limited purpose of establishing identity.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 11 July 1985 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 April 1986.

On 6 May 1985, defendant was indicted by the Wayne County grand jury for two counts of armed robbery in violation of G.S. 14-87. Defendant pled not guilty to both counts of armed robbery. On 10 July 1985, defendant was tried before a jury.

The State's evidence presented at trial tended to show the following:

On Sunday, 24 February 1985, Glenda Swinson, a taxicab driver employed by City Cab Company was dispatched to pick up an individual at the bus station. Upon reaching the bus station, Ms. Swinson was hailed by a black man wearing a grey sweat-shirt, blue sweatpants, white sneakers and one glove. Ms. Swinson picked up the man and also picked up a woman passenger, Karen McClennahan, at the bus station. Ms. Swinson drove the male passenger to his requested destination, and when he reached into his bag to retrieve his fare, he instead pulled out a knife and demanded her money. Ms. Swinson complied with his request. The individual then turned upon Ms. McClennahan and demanded that she also give him money. Ms. McClennahan also complied with the robber's demands. The individual then left the cab, whereupon Ms. Swinson radioed for the police and reported the robbery.

Each victim separately viewed photographs presented to them by the Goldsboro Police Department and both victims identified defendant Frankie Williams as the person who robbed them.

At trial, Ms. Swinson and Ms. McClennahan identified defendant as the person who perpetrated the robberies of them. Mr. Molton Barnes, a taxicab driver employed by Safety Cab Company, testified that on 26 February 1985, a man entered his taxicab, pulled out a large knife and attempted to rob him, but he was able to thwart the robbery attempt. Mr. Barnes identified defendant as the man who attempted to rob him.

Defendant testified in his behalf to the effect that he resided in Maryland; that on 24 February 1985, he was in Greensboro, North Carolina; that he had no independent recollection of the

Sunday in question; that he visited his girlfriend every Sunday evening in February 1985; and that he did not participate in the armed robbery of any taxicab drivers. The jury found defendant guilty on both counts of robbery with a dangerous weapon. From a judgment imposing two consecutive fourteen year prison terms, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Philip A. Telfer, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant.*

JOHNSON, Judge.

[1] Defendant assigns error to the admission of testimony by Molton Barnes concerning the nearly identical robbery of Mr. Barnes two days after the robbery of Ms. Swinson and Ms. Mc-Clennahan. We find no error in the admission of this evidence.

Defendant argues that this evidence should have been excluded under G.S. 8C-1, Rule 404(b) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of mistake, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

As a general rule, the State cannot introduce evidence tending to show that an accused has committed an offense other than the one for which he is being tried. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). The general rule is subject to exceptions as follows:

> 4. Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. . . .

*Id.* at 175, 81 S.E. 2d at 367.

We have interpreted this language to be applicable where the accused is not definitely identified. *State v. Streath*, 73 N.C. App. 546, 327 S.E. 2d 240, *disc. rev. denied*, 313 N.C. 513, 329 S.E. 2d 402 (1985). "Thus, unless the defendant presents alibi evidence, evidence of other crimes to show identity, either directly or indirectly (common plan), should not be admitted under *McClain*." *Id.* at 550, 327 S.E. 2d 242. We again note, as we did in *Streath* that no change has occurred in the operative framework of our evidentiary rules; therefore, we must still conclude that the State could properly present this evidence of other misconduct in its case in chief if it fit the *McClain* exceptions.

In the case at bar, the principal issue was the identity of defendant as the perpetrator of the crimes charged. Although Ms. Swinson and Ms. McClennahan identified defendant as the perpetrator, his evidence of alibi made the issue of whether he was in fact the perpetrator "the very heart of the case." *State v. Freeman*, 303 N.C. 299, 302, 278 S.E. 2d 207, 208-09 (1981).

Evidence of other misconduct is admissible under the identity exception upon a showing of unusual facts present in both acts, or particularly similar acts which tend to show that the same person committed both. *Streath, supra*, at 551, 327 S.E. 2d at 243. Witnesses in the case *sub judice* testified that on both occasions defendant was picked up in a taxi at a public place and at approximately the same time; that the weapon used in each offense was a knife with a blade about five to six inches in length; that the robberies occurred upon arrival at the destination given to the driver; and that defendant was the robber. We conclude that the incidents were sufficiently similar that the evidence was properly admitted.

[2]   Defendant's final contention is that the trial court failed to give a limiting instruction regarding the testimony of Mr. Barnes, even though such an instruction was requested by counsel and agreed upon by the court. Defendant argues that Mr. Barnes' testimony was only admitted for the limited purpose of establishing identity; therefore, the trial court should have instructed the jury accordingly.

The trial judge, in the portion of the jury instructions pertinent to this assignment of error, instructed the jury as follows:

Touching on the alleged events of February 26th at the library and after, I would say this to you. (trial judge speaking to jury) Of course, you understand that Mr. Williams is not on trial for anything alleged to have occurred on the 26th of February of 1985. Given the time interval between the two alleged events, the circumstances surrounding the two events and the selection of this defendant as the robber by each alleged victim, *the evidence of the event of February 26th involving Molton Barnes is competent on the question of the identity of the robber on the 24th.* It is only that, however, and is entitled to only so much weight as you decide that it is entitled to have in the light of all of the other credible evidence in the case. (Emphasis added.)

We find that the jury was properly instructed as to the limited admissibility of Mr. Barnes' testimony. We find defendant's contention is without merit.

In defendant's trial we find

No error.

Judges ARNOLD and WHICHARD concur.