STATE v. JETER

[93 N.C. App. 588 (1989)]

———————

STATE OF NORTH CAROLINA v. RODNEY KEMP JETER, AKA AHIAH AHI ISREAL

No. 8810SC681

(Filed 2 May 1989)

**1. Criminal Law § 34— other crimes—no direct evidence of defendant's participation—inadmissibility to show identity**

The trial court erred in admitting evidence of a similar rape and burglary purportedly committed by defendant to prove his identity as the perpetrator of the rape and burglary in question where there was no direct evidence of defendant's participation in the similar crimes, all such evidence being circumstantial. N.C.G.S. § 8C-1, Rule 404(b).

**2. Burglary and Unlawful Breakings § 3— first degree burglary—indictment—sufficient allegation of nighttime**

An indictment for first degree burglary which alleged that the offense occurred "during the nighttime about the hour of 12:00 and 1:00 am" was not deficient because the hour of 12:00 was not expressly stated to be the one that comes in the middle of the night since the indictment cannot be understood as referring to the hour of 12:00 that comes in the middle of the day.

STATE v. JETER

[93 N.C. App. 588 (1989)]

APPEAL by defendant from *Fountain, Judge*. Judgments entered 27 January 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 14 February 1989.

Defendant was convicted of first degree rape in violation of G.S. 14-27.2 and first degree burglary in violation of G.S. 14-51. The State's evidence indicating that defendant committed these offenses was entirely circumstantial and to the effect that: During the night of 20 May 1987 Mrs. Lynn Cole Atahan was alone in her house; the doors were locked, the bedroom and kitchen windows were open, and the window screens were in place; she was awakened by a man lying on top of her; he held a knife to her face, told her to be quiet, and pushed her face into a pillow to prevent her from seeing his face; she never got a good look at his face and could not identify him but did notice that he was black and in his 20's or 30's; he forced her to have intercourse with him, asked if she had money or a gun in the house and after learning that she did not, forced her to walk in front of him as he left through a side door; she discovered that one of her large butcher knives was missing and that the kitchen screen window was knocked out; the police found defendant's palm print on the kitchen window and several of his fingerprints on the window screen; and three weeks later, on 11 June 1987, he was arrested after being observed in the general vicinity of the Atahan home peeking into the windows of two apartments.

*Attorney General Thornburg, by Associate Attorney General Donald W. Laton, for the State.*

*John T. Hall for defendant appellant.*

PHILLIPS, Judge.

[1] In seeking a new trial defendant's main contention is that the court erred to his prejudice in receiving evidence of a similar offense purportedly committed by him to prove his identity as the offender in this case. Under G.S. 8C-1, Rule 404(b), N.C. Rules of Evidence, as it was long before this rule was enacted, evidence as to other crimes is admissible to prove several things, including the defendant's identity. This long time exception to the general rule against receiving evidence of other crimes is best enunciated in the landmark case of *State v. McClain*, 240 N.C. 171, 175, 81 S.E. 2d 365, 367 (1954) as follows:

4. Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged.

But, as defendant correctly maintains, for such evidence to be admissible it must *directly* indicate that he committed the other offense; and in *State v. Breeden*, 306 N.C. 533, 293 S.E. 2d 788 (1982), a new trial was ordered because the evidence as to the defendant's participation in the similar crime was not direct, but circumstantial. The objectionable evidence here was of the same caliber and had the same prejudicial effect.

Presented by Deborah Gwen Douglas and a police officer experienced in comparing fingerprints, the evidence that defendant committed the other crime was as follows: Ms. Douglas, in her apartment bedroom, was awakened at about 3:00 a.m. on 10 December 1986 by a man who held a knife to her face, turned her over onto her stomach, pushed her face into a pillow, repeatedly told her to be quiet, pulled down her underwear, and had intercourse with her; she did not see the assailant well enough to identify him, but saw that he was a short black man of medium build; her apartment was entered through a living room window, one of her kitchen knives was missing, and fingerprints found on her address book matched those of defendant. The similarity of this evidence to that presented in *Breeden* is obvious; and since it is entirely circumstantial, evidence of the Douglas crime was not admissible to prove that defendant is the one who attacked Mrs. Atahan.

[2] Defendant also contends that the indictment for first degree burglary, which charges that the offense occurred "during the nighttime about the hour of 12:00 and 1:00 am," was deficient since the hour of 12:00 referred to was not expressly stated to be the one that comes in the middle of the night. The contention has no basis. The indictment expressly charges that the offense occurred at night and the hour of 12:00 stated therein cannot be understood as being the hour that comes in the middle of the day.

Defendant's other contentions have not been considered as they concern matters not likely to recur when the case is retried.

New trial.

Judges ARNOLD and JOHNSON concur.