STATE OF NORTH CAROLINA v. WILLIAM FRED CONSTANCE

No. 50

(Filed 11 November 1977)

1. **Homicide § 18— proof of premeditation and deliberation**

   Ordinarily, premeditation and deliberation are not susceptible to proof by direct evidence and therefore must usually be proved by circumstantial evidence. Among the circumstances to be considered in determining whether a killing was done with premeditation and deliberation are: (1) the want of provocation on the part of deceased; (2) the conduct of defendant before and after the killing; (3) the vicious and brutal manner of the killing; and (4) the number of blows inflicted or shots fired.

2. **Homicide § 4— malice defined**

   Malice is not only hatred, ill will or spite but also means that condition of mind which prompts a person to take the life of another without just cause, excuse or justification.

3. **Homicide § 21.5— first degree murder—malice, premeditation and deliberation —sufficiency of evidence**

   There was sufficient evidence of malice and premeditation and deliberation for submission to the jury of a charge of first degree murder of a police officer where the State's evidence tended to show that defendant was observed firing a shotgun from within his house and again from his porch; deceased, who was in uniform and driving a marked police car, drove to defendant's residence; when he arrived, defendant pointed his shotgun at the police car; deceased continued sitting in the police car while he conversed with defendant, who was sitting on his porch; defendant went into his house and deceased approached the house carrying a shotgun straight down by the side of his leg; when deceased was within two or three steps of the porch, defendant shot him with a 12-guage shotgun; the hammer on the murder weapon had to be cocked and the trigger required a pull of between 5½ to 7½ pounds before firing; defendant made himself comfortable in a chair on the porch while deceased lay in the yard dying and offered deceased no assistance; and when defendant was taken into custody by other officers, he said, "I did it, I did it, I took care of the g- d- son-of-a-bitch."

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Martin (Harry C.), J.,* at the 21 February 1977 Regular Session of POLK Superior Court.

Upon an indictment, proper in form, defendant was charged with the murder of Andrew Williams. He was tried and convicted of first degree murder and sentenced to life imprisonment.

The State's evidence tended to show that about 3:30 p.m. on the afternoon of 3 September 1976, at the direction of the mayor of Saluda, Police Chief Andrew Williams went to the home of defendant to investigate a complaint that defendant was drunk and was discharging a shotgun. On his arrival he found defendant sitting in a chair on his front porch with his shotgun in his lap. After some discussion between defendant and Williams, during which the officer remained in his car, defendant got up and went into his house. Officer Williams got out of his car and started walking toward the front of the house. Defendant, from within the house, fired a shotgun through the screen door, killing Williams almost instantly.

Other evidence offered by the State will be referred to in the opinion.

Defendant offered no evidence.

*Attorney General Rufus L. Edmisten and Assistant Attorney General Isham B. Hudson, Jr. for the State.*

*Robert L. Harris for defendant appellant.*

MOORE, Justice.

Defendant's sole assignment of error is to the overruling of his motion to dismiss on the charge of murder in the first degree.

Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976); *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971); *State v. Reams*, 277 N.C. 391, 178 S.E. 2d 65 (1970), *cert. denied*, 404 U.S. 840, 30 L.Ed. 2d 74, 92 S.Ct. 133 (1971); G.S. 14-17.

[1] Premeditation may be defined as thought beforehand for some length of time. " 'Deliberation means . . . an intention to kill, executed by the defendant in a cool state of blood, in furtherance of a fixed design . . . or to accomplish some unlawful purpose. . . .' *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769." *State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970). *See State v. Davis, supra.* Ordinarily, premeditation and deliberation are not susceptible of proof by direct evidence, and therefore must usually be proved by circumstantial evidence. Among the circumstances to

be considered in determining whether a killing is done with premeditation and deliberation are: (1) the want of provocation on the part of deceased; (2) the conduct of defendant before and after the killing; (3) the vicious and brutal manner of the killing; and (4) the number of blows inflicted or shots fired. *State v. Sparks*, 285 N.C. 631, 207 S.E. 2d 712 (1974); *State v. Perry, supra.*

[2] Malice is defined as ". . . not only hatred, ill-will, or spite, as it is ordinarily understood—to be sure that is malice—but it also means that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification. [Citation omitted.]" *State v. Benson*, 183 N.C. 795, 799, 111 S.E. 869, 871 (1922). *See State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969).

When there is a motion for nonsuit in a criminal case, the evidence is to be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact deducible from the evidence. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975); *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971). If there is substantial evidence, whether direct, circumstantial or both, to support a finding that the offense charged has been committed and that defendant committed it, a case for the jury is made out and nonsuit should be denied. *State v. McKinney, supra; State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968).

Defendant contends that, under *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769 (1961), there was insufficient evidence of premeditation and deliberation for the submission of the charge of murder in the first degree to the jury. In *Faust* Justice Moore (Clifton L.), speaking for the Court, stated that among the circumstances to be considered in determining whether a killing was with premeditation and deliberation were the following: (1) want of provocation on the part of deceased; (2) the conduct of defendant before and after the killing; (3) threats and declarations of defendant before and during the course of the occurrence giving rise to the death of deceased; and (4) the dealing of lethal blows after deceased has been felled and rendered helpless. Considering the facts of this case in light of the factors set forth in *Faust*, we. think there was ample evidence to justify submitting a charge of first degree murder to the jury.

[3]   On the afternoon in question defendant was observed firing a shotgun from within his house and again from his porch. A neighbor called the mayor and the mayor directed Officer Williams to investigate. Williams, who was in uniform and driving a marked police car, drove to the defendant's residence. When he arrived, defendant was sitting on his porch. Defendant raised his shotgun and pointed it at the police car. Deceased continued sitting in the police car while he carried on a conversation with defendant, who remained on the porch. While they were talking, defendant picked up his gun, raised it across his knee, shook it and pointed it at the side of the police car. Defendant then went into the house and Williams got out of the car. The officer had a loaded 12-gauge Ithica pump gun. The safety was on, and he carried it straight down by the side of his leg. As he approached the house and was within two or three steps of the porch, defendant shot him in the chest with a 12-gauge Massachusetts single shot break-open type shotgun loaded with a cartridge containing No. 7½ shot. To fire the murder weapon required that the hammer first be cocked and the trigger pulled. The trigger pull varied between 5½ to 7½ pounds. Defendant shot from inside the house through the screen door.

Upon being hit, Williams took a few steps and then dropped to the ground. He died shortly thereafter.

Defendant removed the spent 12-gauge cartridge from his shotgun, came out on the porch with a tall Schlitz beer, sat down in a chair, and propped his feet up. He offered no assistance to the police officer who lay dying near defendant's feet. When other officers arrived on the scene to arrest him, defendant held the Schlitz high, and calmly continued drinking. As he was taken into custody by officers, he said: "I did it, I did it, I took care of the g-d- son-of-a-bitch."

We believe the above facts fully meet the test, as set forth in *State v. Faust, supra,* for determining whether the killing was done with malice and with premeditation and deliberation. Chief Williams was acting pursuant to his duties and did nothing to provoke the shooting. This indicates a lack of provocation. Defendant went inside the house after first pointing his gun at Williams. This tends to show that defendant had decided to shoot Williams from inside in order to prevent him from acting to defend himself. The hammer on the murder weapon had to be cocked and the

trigger required a pull of between 5½ to 7½ pounds before firing. This indicates that the shooting was intentional. Defendant made himself comfortable while deceased was lying in the yard dying, without offering him any assistance. This, coupled with the vindictive statements to the officers, taken with all the other circumstances, tends to show that defendant acted with malice, premeditation and deliberation. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976); *State v. McCall*, 289 N.C. 512, 223 S.E. 2d 303 (1976); *State v. Faust, supra.*

In our opinion, when taken in the light most favorable to the State, the evidence was sufficient to permit, but not require, the jury to reasonably infer that defendant, with malice, after deliberation and premeditation, formed a fixed purpose to kill Police Chief Williams, and thereafter accomplished that purpose. We hold, therefore, that the evidence was sufficient to be submitted to the jury on the charge of first degree murder.

No error.