STATE OF NORTH CAROLINA v. MICHAEL DEAN KELLER

No. 101

(Filed 30 July 1979)

**1. Homicide § 30— first degree murder—reliance on premeditation and deliberation—necessity for submitting second degree murder**

In a prosecution for first degree murder on the theory of premeditation and deliberation, the trial court must submit to the jury an issue of second degree murder as an alternative verdict.

**2. Criminal Law § 106.5— accomplice testimony—sufficiency for conviction**

The testimony of an accomplice was sufficient to sustain defendant's conviction of first degree murder, and the fact that the accomplice admitted that he perjured himself at a prior trial wherein he denied any knowledge of or participation in the murder bore only on the credibility, not the sufficiency, of his testimony.

**3. Criminal Law § 34.7— evidence of another crime—competency to show motive**

Evidence concerning defendant's complicity in the killing of the victim's brother on the day prior to the killing of the victim was admissible to show defendant's motive in killing the victim where the evidence showed that the victim's brother was killed by defendant in a robbery attempt; defendant and his accomplice were seen by the victim while returning from a remote spot where they disposed of the body; and defendant and the accomplice feared that the victim might seek to harm them to avenge his brother's death.

Justice BROCK did not participate in the consideration or decision of this case.

BEFORE *Judge Ferrell* at the 18 September 1978 Criminal Session of CALDWELL Superior Court and on a bill of indictment proper in form, defendant was tried and convicted of first degree murder and sentenced to life imprisonment. Defendant appeals pursuant to G.S. 7A-27(c).

*Rufus L. Edmisten, Attorney General, by Buie Costen, Special Deputy Attorney General, and Grayson G. Kelley, Associate Attorney, for the state.*

*McElwee, Hall, McElwee & Cannon by John E. Hall and William H. McElwee III for defendant appellant.*

EXUM, Justice.

[1]   The principal question presented is whether this Court will continue to adhere to the rule, most recently reaffirmed in *State v. Harris*, 290 N.C. 718, 228 S.E. 2d 424 (1976), that in a prosecution for first degree murder on the theory of premeditation and deliberation the trial court must submit at least second degree murder as an alternative verdict. The answer is yes. For failure of the trial court to submit second degree murder as a lesser included offense, defendant is granted a new trial. Other questions involve the sufficiency of the evidence to support the verdict and the admission of evidence of another crime allegedly committed by defendant. We find no error in the rulings on these points.

Defendant was charged and convicted of the murder of Edward Lee Greene. Principal testimony against defendant was that of Jackie Robinette, defendant's alleged accomplice, who testified pursuant to a negotiated plea arrangement. Robinette testified, in brief summary, as follows: For apparent motives which will be discussed later in the opinion defendant used a "sawed-off" shotgun to force Greene to drive him in a van to an abandoned house where the two of them met Robinette. Defendant forced Greene to lie on the ground while his hands and legs were taped together. Robinette and defendant placed Greene back in the van. Robinette urged defendant not to kill Greene, simply to rob him. With Robinette driving the van and defendant following in Robinette's car, they drove toward Wilkesboro. After passing the carwash where Greene's body was ultimately found, defendant, who was communicating with Robinette by CB radio, told Robinette to turn off the highway onto a side road. When Robinette turned off and stopped the van, defendant came up to it and shot Greene. He then told Robinette to shoot Greene. Robinette shot Greene several times. Defendant and Robinette then decided to leave Greene and the van at a carwash about a quarter-mile away. When they stopped at the carwash, they

discovered that Greene was still alive. Defendant then borrowed a knife from Robinette and cut Greene in the throat. The throat wounds caused Greene's death. Defendant offered no evidence.

The court submitted the case to the jury upon the theory of premeditation and deliberation. The jury was instructed to find defendant guilty of first degree murder or not guilty. The jury was not instructed upon any lesser included offense.

Defendant contends the court erred in failing to instruct the jury upon the lesser included offense of second degree murder. He relies upon *State v. Harris, supra.* Defendant's contention has merit.

In *Harris* defendant was tried and convicted of the murders of Bernice Clark Harrington, Azalle Jackson, Gertrude Clark Harmon, and Haveleigh White. The state's evidence tended to show that each of these murders was planned and executed by defendant in retaliation for Gertrude Harmon's earlier having blinded defendant in one eye by assaulting him with some highly corrosive substance. Azalle Jackson (Gertrude Harmon's sister) and Haveleigh White (Harmon's close friend) had testified in Harmon's favor at her trial for her assault against defendant. Bernice Clark Harrington was also a sister of Harmon. Harmon's assault against defendant took place on 23 September 1974. The evidence tended to show that defendant on 9 January 1975 within a period of several hours methodically proceeded to accost and murder, seriatum, each of his victims. A note was found in defendant's house which stated: "Joe Lewis Harris. Born July 10, 1935. Murdered September 23, 1974. All responsible shall pay." Defendant had stated over the telephone to Gertrude Harmon on 28 December 1974. " . . . I am going to kill you and all the Clarks."

Harris did not testify. His defense was insanity. The trial court submitted possible verdicts to the jury of guilty of murder in the first degree, not guilty by reason of insanity, or not guilty. The jury returned a verdict of guilty of murder in the first degree. This Court, in a carefully considered opinion by Justice Moore, in which all members of the Court fully concurred, found it error for the trial judge to fail to submit murder in the second degree as an alternative verdict. After considering at length the cases of *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560 (1968); *State*

---

---

*v. Perry*, 209 N.C. 604, 184 S.E. 545 (1936); *State v. Newsome*, 195 N.C. 552, 143 S.E. 187 (1928); and *State v. Spivey*, 151 N.C. 676, 65 S.E. 995 (1909), this Court stated unequivocally and without qualification, 290 N.C. at 730, 228 S.E. 2d at 432:

> "We hold, therefore, that in all cases in which the State relies upon premeditation and deliberation to support a conviction of murder in the first degree, the trial court must submit to the jury an issue of murder in the second degree. Again, we reaffirm the rule originally stated in *State v. Spivey, supra,* that in those cases in which the State proves a murder committed by one of the means stated in G.S. 14-17, or in the perpetration or attemped perpetration of a felony, an instruction to the jury to return a verdict of murder in the first degree or not guilty is proper; provided, that there is no evidence, or any inference deducible therefrom, tending to show a lesser offense. *See State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971); *State v. Hill*, 276 N.C. 1, 170 S.E. 2d 885 (1969); *State v. Spivey, supra.*"

The case *sub judice* is indistinguishable from *Harris*. As in *Harris* the state here relied and the case was submitted to the jury solely on the theory of premeditation and deliberation. The evidence of premeditation and deliberation was no stronger here than it was in *Harris*. Neither was there any positive evidence in *Harris*, as there is not here, of the absence of premeditation and deliberation. Therefore under our long standing rule applied as early as 1928 in *State v. Newsome, supra,* and reaffirmed as late as 1976 in *Harris,* the court was required to submit the issue of second degree murder to the jury.

The state urges that we abandon the rule as stated in *Harris* and apply, instead, the general rule that a lesser included offense is not required to be submitted unless there is some positive evidence to sustain it. *See, e.g., State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976); *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971). We decline to abandon the rule so recently affirmed in *Harris*. To apply it in *Harris* and not here would evidence an approach to criminal cases by this Court most charitably described as incongruous. There is, furthermore, reason behind the rule. Ordinarily premeditation and deliberation, being operations of the mind, must always be proved, if at all, by circumstantial evidence.

*State v. Constance,* 293 N.C. 581, 238 S.E. 2d 294 (1977). In the case at bar, as in *Harris,* no one testified that defendant premeditated and deliberated. These mental operations of defendant must be inferred, if at all, from the circumstances of the case. Perhaps the only reasonable inference which could be made here is that defendant did indeed premeditate and deliberate the killing. Nevertheless *in first degree murder cases* the jury must be left free to draw or not to draw this inference; and if the jury chooses not to draw it, it should be given the alternative of finding defendant guilty of second degree murder. *State v. Newsome, supra,* 195 N.C at 564, 143 S.E. at 193.

This Court has not applied this rationale in cases involving crimes other than first degree murder which have as an essential element a specific criminal intent on the part of the defendant. *State v. Allen,* 297 N.C. 429, 255 S.E. 2d 362 (1979) (In burglary prosecution, no error in refusing to submit nonfelonious breaking and entering where state's evidence tends to establish that defendant intended to rape occupant, defendant's defense is alibi and mistaken identity, and there is no evidence of nonfelonious breaking and entering); *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289 (1971) (In assault with intent to commit rape prosecution, no error in refusing to submit assault on a female where there was no evidence tending to show that victim was assaulted for any purpose other than rape or for no purpose at all). The rule in first degree murder cases thus differs from the rule governing submission of lesser included offenses in other crimes involving specific intents. The first degree murder rule is, however, firmly rooted in our cases. More importantly it was carefully reconsidered, reaffirmed and applied in *Harris.* In keeping with that reasonable predictability rightly expected of appellate courts, it should be applied here.

Because we have determined defendant must be given a new trial, we shall comment briefly only upon those of his remaining assignments of error which raise issues likely to recur on retrial.

[2] Defendant argues the court erred in failing to grant his motion to dismiss for insufficiency of evidence at the close of the state's evidence. He contends the testimony of Robinette is the only evidence offered by the state sufficient to take the case to the jury and that this testimony is inherently unworthy of belief

because Robinette admitted that he perjured himself at a prior trial wherein he denied any knowledge of or participation in the killing of Greene.

The court properly denied defendant's motion. It is well-established that the uncorroborated testimony of an accomplice will sustain a conviction so long as the testimony tends to establish every element of the offense charged. *State v. Lester*, 294 N.C. 220, 240 S.E. 2d 391 (1978); *State v. Madden*, 292 N.C. 114, 232 S.E. 2d 656 (1977); *State v. Tilley*, 239 N.C. 245, 79 S.E. 2d 473 (1954). That Robinette may have lied earlier bears only on the credibility, not the sufficiency, of his testimony. The credibility of witnesses is a matter for the jury rather than the court. Contradictions and discrepancies in the state's evidence do not warrant dismissal of the case. *State v. Murphy*, 280 N.C. 1, 184 S.E. 2d 845 (1971); *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971).

[3] Defendant also objected to the introduction of evidence concerning his complicity in the killing of A. C. Greene, brother of Edward Greene, the day prior to the killing of Edward Greene, the latter being the crime for which defendant was here tried. He argues that this was evidence of an unrelated, prior crime which the state was improperly allowed to use in proving the commission of a separate independent offense.

The general rule is that "[e]vidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Stansbury's North Carolina Evidence, § 91, pp. 289-290 (Brandis rev. 1973); *see also, State v. Fowler*, 230 N.C. 470, 53 S.E. 2d 853 (1949). There are, however, a number of well-defined exceptions to this general rule of inadmissibility. These are listed in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). One is that "Where evidence tends to prove a motive on the part of the accused to commit the crime charged, it is admissible, even though it discloses the commission of another offense by the accused." 240 N.C. at 176, 81 S.E. 2d at 367. The evidence in question falls within this exception.

Robinette's testimony reveals that in a robbery attempt A. C. Greene was killed by defendant on the day prior to the killing of Edward Greene. Defendant and Robinette then left A. C. Greene's body in his car at a remote road. While returning from disposing of the body, they were seen by Edward Greene. At that time defendant and Robinette, fearing that Edward Greene might seek to harm them to avenge his brother's death, discussed killing Edward Greene and initially decided that it would not be necessary to kill him. For reasons not disclosed in the record defendant, on the day following A. C. Greene's murder, compelled Edward Greene to go with him to meet Robinette. The killing of Edward Greene as above described then took place. There was also evidence that defendant and Robinette made an attempt to take from Edward Greene money which they had unsuccessfully sought to take from his brother.

Defendant's remaining assignments of error do not raise issues which are likely to recur at retrial or which demand comment at this time. For the reasons given defendant is granted a

New trial.

Justice BROCK did not participate in the consideration or decision of this case.