STATE OF NORTH CAROLINA v. MARIO MARTINEZ

No. COA01-876

(Filed 21 May 2002)

**1. Search and Seizure— trafficking in marijuana—possession with intent to sell and deliver marijuana—motion to suppress-warrantless search**

The trial court did not err in a trafficking in marijuana and possession with intent to sell and deliver marijuana case by denying defendant's motion to suppress even though defendant con-

IN THE COURT OF APPEALS 365

tends he was subjected to a warrantless search in violation of his Fourth Amendment rights, because the officers had probable cause to believe that defendant and his accomplice were committing a felony in their presence based on an informant's information and the officers' independent verification of that information.

**2. Evidence— accomplice testimony—uncorroborated**

The trial court did not err in a trafficking in marijuana and possession with intent to sell and deliver marijuana case by admitting the uncorroborated testimony of defendant's accomplice, because: (1) the uncorroborated testimony of an accomplice will sustain a conviction so long as the testimony tends to establish every element of the offense charged; and (2) defendant had ample opportunity to cross-examine his accomplice and challenge his credibility before the jury.

**3. Drugs— trafficking in marijuana—possession with intent to sell and deliver marijuana—motion to dismiss—constructive possession**

The trial court did not err in a trafficking in marijuana and possession with intent to sell and deliver marijuana case by failing to dismiss the case at the close of the State's evidence based on alleged insufficient evidence of constructive possession because there was sufficient evidence of other incriminating circumstances for the jury to reasonably infer that defendant had the power and intent to control the twenty-five pounds of marijuana found in the trunk of the car in which he was riding as a passenger, including the facts that: (1) this was a planned drug transaction; (2) an informant testified that he had pre-arranged to have twenty-five pounds of marijuana delivered to his house; (3) defendant's accomplice testified that he had been paid by defendant to be his courier to and from the informant's house; (4) the informant had purchased drugs from the accomplice and defendant on five or six previous occasions; (5) defendant had delivered drugs to the informant's house previously; (6) the officers independently corroborated and verified everything that the informant had reported to them about the drug transaction; and (7) defendant was found with $1,780 in cash on his person at the scene.

**4. Drugs— jury instruction—knowingly possessing marijuana**

The trial court did not commit plain error in a trafficking in marijuana and possession with intent to sell and deliver marijuana case by instructing the jury about the law of knowingly possessing marijuana even though defendant contends there is no evidence of defendant's knowledge of the marijuana in the automobile, because the State presented sufficient evidence to show that defendant had the intent and capability to exercise control and dominion over the marijuana based on constructive possession.

**5. Drugs— requested instruction—mere presence not acting in concert**

Although the trial court refused to give defendant's requested instruction that defendant's mere presence in the automobile was insufficient to show defendant acted in concert in a trafficking in marijuana and possession with intent to sell and deliver marijuana case, the substance of defendant's requested instruction was contained in the trial court's instruction on the law of constructive possession.

**6. Appeal and Error— preservation of issues—failure to cite authority**

Although defendant contends the trial court erred in a trafficking in marijuana and possession with intent to sell and deliver marijuana case by giving multiple verdict sheets to the jury, this assignment of error is abandoned because defendant has failed to cite any authority in support of his argument as required by N.C. R. App. P. 28(b)(5).

Appeal by defendant from judgments entered 15 February 2001 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 25 April 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Amy L. Yonowitz, for the State.*

*William H. Dowdy, for defendant-appellant.*

TYSON, Judge.

Mario Martinez ("defendant") appeals from the trial court's entry of judgment after a jury returned a verdict finding defendant guilty of trafficking in marijuana by transportation of more than ten pounds

STATE v. MARTINEZ

[150 N.C. App. 364 (2002)]

but less than fifty pounds, trafficking in marijuana by possession of more than ten pounds but less than fifty pounds, and possession with intent to sell and deliver marijuana. We find no error.

## I. Facts

The evidence at trial tended to show that officers of the New Hanover County Sheriff's Department ("officers") served a valid search warrant based upon a known informant's tip on Daniel Goff ("Goff") at his residence on 21 August 2000 at approximately 8:00 p.m. The search revealed illegal drugs, contraband, and large quantities of cash. Goff, a college student in his early twenties, communicated a statement to Officer Sidney Causey ("Officer Causey") that normally he purchased his marijuana from two Hispanic males. Officer Causey testified that Goff was "crying and I'm sure he was scared and he provided us with this information, which I believed was true." Goff stated that the two Mexican males were currently en route to deliver a twenty-five pound shipment of marijuana to his house. Goff informed Officer Causey that he had spoken to them about an hour earlier, and that they would be arriving in a small white four-door automobile, which would "come right to my door."

The officers established surveillance in the immediate area. While the officers were waiting in Goff's house, Goff received a cellular telephone call from two men who were driving to his house. Officer Causey overheard the conversation and verified that two Hispanic men would be arriving at Goff's residence in approximately twenty minutes.

Approximately twenty minutes later, a white four-door Neon automobile, occupied by two Hispanic males, turned into Goff's driveway, and parked next to Goff's front door. The "take down" signal was given, and both men were seized and removed from the vehicle. The officers searched the trunk and found large plastic bags that smelled like marijuana. Both men were arrested.

Mario Martinez ("defendant") was searched and $1,780.00 cash was found in his pocket. The driver, Carlos Zavala ("Zavala"), was also searched and $30.00 cash was found on his person.

On 11 February 2001, defendant filed a motion to suppress evidence. A hearing was conducted, and the trial court denied the motion. Defendant was tried on 13 February 2001 and did not offer any evidence. Defendant moved to dismiss at the close of the State's evidence. The trial court denied his motion. The jury returned a ver-

STATE v. MARTINEZ

[150 N.C. App. 364 (2002)]

dict of guilty against defendant for trafficking in marijuana by transportation of more than ten pounds but less than fifty pounds, trafficking in marijuana by possession of more than ten pounds but less than fifty pounds, and possession with intent to sell and deliver marijuana.

Defendant was sentenced to twenty-five months minimum and forty months maximum for trafficking in marijuana by transportation, twenty-five months minimum and thirty months maximum for trafficking in marijuana by possession, and six months minimum and eight months maximum for possession with the intent to sell and deliver marijuana, all in the presumptive range and all to run consecutively. Defendant appeals.

## II. Issues

Defendant assigns as error the trial court's (1) denying defendant's motion to suppress, (2) admitting accomplice testimony into evidence, (3) denying defendant's motion to dismiss for insufficiency of the evidence, (4) jury instructions, and (5) giving multiple verdict sheets to the jury.

## III. Motion to Suppress

[1] Defendant argues that he was subjected to a warrantless search that violated the Fourth Amendment prohibition against unreasonable searches and seizures. This argument is without merit. Our review of a motion to dismiss is *de novo*. *State v. Brooks*, 337 N.C. 132, 140-41, 446 S.E.2d 579, 585 (1994).

"Police officers may arrest without a warrant any person who they have probable cause to believe has committed a felony." *State v. Hunter*, 299 N.C. 29, 34, 261 S.E.2d 189, 193 (1980) (citing G.S. § 15A-401(b)(2)a; *United States v. Watson*, 423 U.S. 411, 46 L. Ed. 2d 598 (1976)). "A warrantless arrest is lawful if based upon probable cause, *Brinegar v. United States*, 338 U.S. 160, 93 L. Ed. 1879 (1949); *State v. Phillips*, 300 N.C. 678, 683-84, 268 S.E.2d 452, 456 (1980), and permitted by state law." *State v. Mills*, 104 N.C. App. 724, 728, 411 S.E.2d 193, 195 (1991) (citing *State v. Wooten*, 34 N.C. App. 85, 88, 237 S.E.2d 301, 304 (1977)). "A search of a motor vehicle which is on a public roadway or in a public vehicular area is not in violation of the fourth amendment [sic] if it is based on probable cause, even though a warrant has not been obtained." *State v. Isleib*, 319 N.C. 634, 638, 356 S.E.2d 573, 576 (1987) (citing *United States v. Ross*, 456 U.S. 798, 809, 72 L. Ed. 2d 572, 584 (1982)).

" 'In utilizing an informant's tip, probable cause is determined using a 'totality-of-the circumstances' analysis which 'permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip.' " *State v. Holmes*, 142 N.C. App. 614, 621, 544 S.E.2d 18, 22 (2001) (quoting *State v. Earhart*, 134 N.C. App. 130, 133, 516 S.E.2d 883, 886 (1999)). "Once [officers] corroborated the description of the defendant and his presence at the named location, [they] had reasonable grounds to believe a felony was being committed in his presence which in turn created probable cause to arrest and search defendant." *Wooten*, 34 N.C. App. at 88, 237 S.E.2d at 304.

Transporting twenty-five pounds of marijuana is a felony. *See* N.C. Gen. Stat. § 90-95(h)(1) (2001). Although Goff was not a known informant, the officers independently verified the information that he provided to them. Based on Goff's information and the officers' independent verification of that information, the officers had probable cause to believe that defendant and Zavala were committing a felony in their presence.

Goff informed the officers that his suppliers, two Hispanic males, were currently driving to his house in a small white four-door automobile to deliver approximately twenty-five pounds of marijuana. Goff also told Officer Causey that the two Hispanics would park their car right in front of his front door.

The officers independently verified and corroborated Goff's information. Officer Causey overheard a cellular telephone conversation between Goff and the two Hispanic men. Officer Causey verified that they would be arriving at Goff's house in approximately twenty minutes when he overheard Goff's telephone conversation with Zavala and defendant, which corroborated the time frame Goff originally communicated to Officer Causey. Approximately twenty minutes later, the officers observed a small white four-door automobile, containing two Hispanic males, turn into Goff's drive-way and park next to his front door. At that moment, the officers had corroborated the (1) description of the transporting automobile, (2) a description of the two occupants, (3) the proximity of the automobile's position to the front door, and (4) the arrival time of the automobile. All of Goff's information was proven reliable up to that point. The officers had probable cause to believe that a felony was being committed in their presence.

The trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

## IV. Accomplice Testimony

[2] Defendant contends that the trial court erred by admitting the testimony of defendant's accomplice Zavala. Defendant argues that this testimony constituted the "uncorroborated testimony of an accomplice," and that Zavala's testimony violated hearsay rules. Defendant in his brief has failed to show this Court what hearsay rule the trial court violated. That portion of this assignment of error is dismissed.

In defendant's brief he cites *State v. Keller,* 297 N.C. 674, 256 S.E.2d 710 (1979), for the proposition that "uncorroborated testimony of an accomplice is to be received with caution, and can be accepted *only if* it establishes every element of the offense charged." (Emphasis supplied). This assertion misstates the law.

"It is well-established that the uncorroborated testimony of an accomplice will sustain a conviction so long as the testimony *tends to establish* every element of the offense charged." *Keller,* 297 N.C. at 679, 256 S.E.2d at 714 (emphasis supplied) (citations omitted).

*Keller* further states that the fact that an accomplice "may have lied earlier bears only on the credibility, not the sufficiency, of his testimony. The credibility of witnesses is a matter for the jury rather than the court. Contradictions and discrepancies in the state's [sic] evidence do not warrant dismissal of the case." *Id.* (citations omitted).

"It is well settled in this jurisdiction that although the jury should receive and act upon such testimony with caution, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the accused." *State v. Tilley,* 239 N.C. 245, 249, 79 S.E.2d 473, 476, (1954) (citations omitted). Defendant had ample opportunity to cross-examine Zavala and challenge his credibility before the jury. The trial court properly admitted the testimony of Zavala. This assignment of error is overruled.

## V. Sufficiency of the Evidence

[3] Defendant contends that there was insufficient evidence to support a guilty verdict, and the trial court should have dismissed the

case at the close of the State's evidence. Defendant argues that the State's evidence only shows defendant's mere presence as a passenger in an automobile where twenty-five pounds of marijuana was discovered in the trunk. We disagree.

" 'An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use.' " *State v. Weems*, 31 N.C. App. 569, 570, 230 S.E.2d 193, 194 (1976) (quoting *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)).

"Proving constructive possession where defendant had nonexclusive possession of the place in which the drugs were found requires a showing by the State of other incriminating circumstances which would permit an inference of constructive possession." *State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 73 (1996) (citations omitted); *State v. Matias*, 143 N.C. App. 445, 550 S.E.2d 1, *aff'd*, 354 N.C. 549, 556 S.E.2d 269 (2001). "Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the controlled substance." *Matias*, 143 N.C. App. at 448, 550 S.E.2d at 3 (citing *State v. Peek*, 89 N.C. App. 123, 365 S.E.2d 320 (1988)).

Defendant did not have exclusive control of the automobile. The drugs were discovered in the trunk, not the passenger area of the automobile where defendant sat. After thoroughly reviewing the entire record, we conclude that there were sufficient "other incriminating circumstances" for the jury to reasonably infer that defendant had the power and intent to control the twenty-five pounds of marijuana found in the trunk of the car in which he was riding. Those "other incriminating circumstances" include: (1) this was a planned drug transaction, (2) Goff testified that he had pre-arranged to have twenty-five pounds of marijuana delivered to his house, (3) Zavala testified that he had been paid by defendant to be his courier to and from Goff's house, (4) Goff had purchased drugs from Zavala and defendant on five or six previous occasions, (5) defendant had delivered drugs to Goff's house previously, (6) the officers independently corroborated and verified everything that Goff had reported to them about the drug transaction in process, and (7) defendant was found with $1,780.00 in cash on his person at the scene. We hold that these are sufficient other incriminating circumstances to support a convic-

tion based on constructive possession when defendant was not in exclusive control of the vehicle where the drugs were found. This assignment of error is overruled.

## VI. Jury Instructions

### A. Trial Court's Instruction

[4] Defendant contends that the trial court committed plain error instructing the jury about the law of knowingly possessing marijuana. Defendant argues that no evidence existed to show that he had knowledge of the marijuana seized in the automobile, and that "[t]he instruction invited the jury to speculate as to [defendant's] guilt and to return an erroneous verdict."

Defendant did not object to the trial court's instruction during trial. Defendant must show not only that the instruction was error, but that the instruction probably impacted the jury's finding defendant guilty. *See e.g., State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).

Defendant's sole contention is that no evidence of defendant's knowledge of the marijuana in the automobile existed at trial. We have held that the State presented sufficient evidence to show that defendant had the intent and capability to exercise control and dominion over the marijuana based on constructive possession. Defendant has failed to show that the instruction was erroneous. This assignment of error is overruled.

### B. Requested Instruction

[5] Defendant contends that there was no basis to convict defendant of knowingly possessing marijuana, "using either actual or constructive possession . . . because the evidence only shows the [defendant's] mere presence [in the automobile]." Defendant concludes therefore that "the only other basis to uphold [defendant's] convictions is that [defendant] was acting in concert." Defendant requested the trial court to instruct the jury that the defendant's mere presence in the automobile was insufficient to show defendant acted in concert. The trial court refused, but gave the following instruction on the law of constructive possession:

> the defendant's physical proximity, if any, to the substance does not by itself permit an inference that the defendant was aware of its presence or had the power or intent to control its disposition or use . . . such an inference may be drawn only from this and

other circumstances which you find from the evidence beyond a reasonable doubt.

The substance of defendant's requested instruction was contained in this instruction. Since we have held that there was evidence to support the conviction based on constructive possession, this assignment of error is overruled.

## VII.  Multiple Verdict Sheets

**[6]** Defendant assigns error to the trial court's giving multiple verdict sheets to the jury. Defendant has failed to cite any authority in support of his argument. Rule 28(b)(5) of the N.C. Rules of Appellate Procedure states that "the body of the argument shall contain citations of authority upon which the appellant relies. . . . Assignments of error . . . in support of which no . . . authority is cited, will be taken as abandoned." N.C.R. App. P. 28(b)(5) (2001). This assignment of error is abandoned. N.C.R. App. P. 28(b)(3) (2001). *See also Byrne v. Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987).

After carefully reviewing the entire record, we hold that defendant received a trial by a jury of his peers before an able judge free from errors he assigned.

No error.

Judges MARTIN and THOMAS concur.