TYSON, Judge.
 

 Rodney Shoaf Newsom ("defendant") appeals afer a jury found him to be guilty of three counts of first-degree statutory sexual offense and three counts of taking indecent liberties with a child. We conclude there was no error at trial.
 

 I. Background
 

 In January 2002, H.N. ("the child") was eight years old and lived with her father. Her parents were divorced, and she visited her mother, S.S., every other weekend. She and her ten-year-old brother ("the brother") (collectively, "the children") were visiting with S.S. on the weekend of 18 January 2002. S.S. had towork and asked defendant, who is her father and the children's grandfather, to babysit the children while she worked that night. Defendant lived in a camper trailer located directly behind Eric Crawford's ("Crawford") house. Crawford is S.S.'s ex-husband. Defendant often slept over at Crawford's house.
 

 S.S. dropped the children with defendant at Crawford's house. Crawford was not at home when S.S. left the children. S.S. called defendant later in the evening. He said the children were doing well and suggested S.S. allow them to spend the night. The children spent the evening in Crawford's living room playing video games. The child fell asleep, and defendant carried her into an adjoining room. The brother went to sleep in the living room soon afterwards.
 

 The child awoke later in the night and found she was lying on a couch in the adjoining room. She noticed her jeans were unbuttoned and unzipped and that the elastic on her underpants was flipped down from the waist. As she awoke, she saw defendant pull his hand out of her underpants. She grabbed the bed coverings, pulled them over her, and turned her back towards defendant. Defendant attempted to pull the child towards him by grabbing her shirt. Defendant asked the child to pull down her pants, and she refused. Defendant told the child, "It's okay," and unbuttoned and unzipped her pants. He placed his hand inside her underpants, inserted two fingers inside her vagina, removed his fingers, and then stuck them in the child's mouth.
 

 Crawford's dog began barking, and defendant left the room. The child walked to the door near the living room and whispered the brother's name several times. The brother remained asleep on the couch and did not respond. The child returned to the couch, covered herself with the sheet, and pretended to be sleeping. Defendant returned after yelling at the dog and unbuttoned and unzipped the child's pants. He placed his hands down her underpants and touched the child in "the same place" as he did before he left the room.
 

 Defendant left the room again to check on the brother. The child buttoned and zipped up her pants, curled up in a ball, and covered herself with the sheet. Defendant returned, removed the sheet from the child, placed his hands inside her underpants, and touched "inside" her "bottom" with three fingers. He also touched the child's chest with his hand. When Crawford arrived home, defendant moved to another couch in the same room as the child and remained on the couch until the next morning.
 

 S.S. arrived the next morning at Crawford's house to take the children home. S.S. informed the children that defendant would be babysitting them again that night. The child did not want to return to stay with defendant and told the brother that defendant "touched me between my legs and on my bottom." The brother told the child to tell their mother. The child informed her mother that defendant had "reached between my legs and he was feeling around and stuff." S.S. physically checked the child for injuries and called the police. S.S. also took the child to be examined at Rowan Regional Medical Center on 19 January 2002 and later to theChild Advocacy Center at Northeast Medical Center ("Child Advocacy Center") on 11 February 2002.
 

 Dr. Carla Jones ("Dr. Jones") with the Child Advocacy Center examined the child and found a small split, or "notch," in the child's hymen and observed no tears in the child's anal area. The child also spoke with Rowan County Sheriff's Deputy G.S. Henline ("Deputy Henline") and Julie Brafford ("Brafford"), a registered nurse and coordinator of the Child Advocacy Center, and informed them of defendant's actions.
 

 Defendant admitted to social worker Sonia Byrd ("Byrd") and Detective Tonya Rusher ("Detective Rusher") that he had reached inside his granddaughter's pants and rubbed the outside of her genitals while she was asleep. Defendant denied placing his fingers inside the child's vagina or rectum. Defendant told Detective Rusher that he was "definitely sorry for what [he] did" and "would do anything to take it back."
 

 Defendant did not present any evidence. The jury found defendant to be guilty of three counts of first-degree statutory sexual offense and three counts of taking indecent liberties with a child. The trial court sentenced defendant to imprisonment for 720 to 891 months. Defendant appeals.
 

 II. Issues
 

 The issues presented are whether: (1) the trial court erred in allowing Dr. Jones to testify regarding whether her examinations were consistent with the child's story; (2) the indictment was sufficient to confer jurisdiction; (3) the State's evidence wasunconstitutionally vague, confusing, and insufficient as a matter of law to sustain the verdicts; and (4) the trial court erred in failing to charge the jury regarding the specific elements for each separate offense.
 

 III. Expert Testimony
 

 Defendant contends the trial court improperly allowed Dr. Jones to testify that her physical examination of the child was consistent with the child's statements regarding sexual abuse by defendant. We disagree.
 

 Rule 702 of the North Carolina Rules of Evidence states, "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." N.C. Gen. Stat. § 8C-1, Rule 702(a)(2003). "'Expert testimony is properly admissible when it can assist the jury in drawing certain inferences from facts and the expert is better qualified than the jury to draw such inferences.'"
 
 State v. Anderson,
 

 322 N.C. 22
 
 , 28,
 
 366 S.E.2d 459
 
 , 463,
 
 cert. denied,
 

 488 U.S. 975
 
 ,
 
 102 L. Ed. 2d 548
 
 (1988) (quoting
 
 State v. Evangelista,
 

 319 N.C. 152
 
 , 163,
 
 353 S.E.2d 375
 
 , 383 (1987)). "In applying the rule, the trial court is afforded wide discretion and will be reversed only for an abuse of that discretion."
 
 Anderson,
 

 322 N.C. at 28
 
 ,
 
 366 S.E.2d at
 
 463 (citing
 
 Evangelista,
 

 319 N.C. at 163
 
 ,
 
 353 S.E.2d at 383
 
 ). "Experts `in the field may testify on the profiles of sexually abused children and whether a particular complainanthas symptoms or characteristics consistent with this profile.'"
 
 State v. Isenberg,
 

 148 N.C. App. 29
 
 , 34,
 
 557 S.E.2d 568
 
 , 572 (2001),
 
 disc. rev. denied,
 

 355 N.C. 288
 
 ,
 
 561 S.E.2d 268
 
 (2002) (quoting
 
 State v. Hall,
 

 330 N.C. 808
 
 , 818,
 
 412 S.E.2d 883
 
 , 888 (1992)). In
 
 Isenberg,
 
 we stated that although the expert "was not in a better position than the jury to make the ultimate determination of sexual abuse, he was in a better position than the jury, based on his training and experience, to determine what behavior was consistent or inconsistent with children who had been sexually abused."
 
 148 N.C. App. at 34
 
 ,
 
 557 S.E.2d at 572
 
 .
 

 Defense counsel stated he had no objection when Dr. Jones was tendered as an expert in family medicine. As part of her qualifications to testify, Dr. Jones stated she had received special training "to be experienced in examination of children who have been suspected of being sexually or physically abused." She had attended "lectures, conferences . . . throughout the year to try to keep [herself] abreast of . . . changes in that particular field." She testified she had conducted between twenty-five and thirty examinations in suspected child sex abuse victims and child abuse cases during the three years prior to testifying. Dr. Jones stated she had been previously qualified as an expert witness and testified in other court cases.
 

 After the trial court accepted the State's tender of Dr. Jones as an expert in family medicine without any objection from defendant, the State asked:
 

 Would you - if you were told or you had had [sic] reported to you by [the child] sheexperienced no physical pain or discomfort, that her mother had not found any blood on her panties, anything of that nature, would you find it consistent or inconsistent with [the child's] report that she had been touched on the inside of her private, or her pee-pee area, with the defendant's fingers?
 

 The trial court admitted, over defendant's objection, Dr. Jones's testimony:
 

 I would expect that if penetration had taken place, there would be pain. . . . There may be bleeding or tears, depending on the size of the object that penetrated, depending on how forcefully the object was - that the penetration, be it [a] foreign body, a finger, or a penis. And so I - I find the - [the child's] story and her exam consistent.
 

 Dr. Jones did not testify that the child had been sexually abused, but that her examination and findings of a normal exam were consistent with the child's story. Based on Dr. Jones's qualifications, she was in a better position than the jury to determine whether her findings were consistent with the child's accusations of sexual abuse.
 
 See Isenberg,
 

 148 N.C. App. at 34
 
 ,
 
 557 S.E.2d at 572
 
 . This assignment of error is overruled.
 

 IV. Short-Form Indictment and Bill of Particulars
 

 Defendant contends the trial court erred in denying his motion for a bill of particulars on the grounds that the use of multiple short-form indictments alleging acts occurring within seconds is unconstitutionally vague. He argues the multiple indictments were insufficient to permit him to prepare an adequate defense and to protect him from subsequent prosecutions for the same offenses. We disagree.
 

 "A bill of indictment is legally sufficient if it charges thesubstance of the offense and puts the defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated."
 
 State v. Ingram,
 
 ___ N.C. App. ___, ___,
 
 585 S.E.2d 253
 
 , 255 (2003) (citing
 
 State v. Rankin,
 

 55 N.C. App. 478
 
 , 480,
 
 286 S.E.2d 119
 
 , 120 (1982)).
 
 N.C. Gen. Stat. § 15-144.2
 
 (2003) authorizes the use of short-form indictments in sex offense cases and we upheld their use in
 
 State v. Ackerman,
 

 144 N.C. App. 452
 
 , 464,
 
 551 S.E.2d 139
 
 , 147,
 
 cert. denied,
 

 354 N.C. 221
 
 ,
 
 554 S.E.2d 344
 
 (2001). Similarly,
 
 N.C. Gen. Stat. § 15-144.1
 
 (2003) provides that a short-form indictment for rape must include:
 

 in the body of the indictment, after naming the person accused, the date of the offense, the county in which the offense of rape was allegedly committed, . . . it is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will . . . .
 

 If the act was committed against a female under the age of thirteen years old, the indictment must so indicate and also include her name.
 
 See
 

 N.C. Gen. Stat. § 15-144.1
 
 ;
 
 N.C. Gen. Stat. § 15-144.2
 
 .
 

 Here, each of the six indictments alleged a single offense date of 18 January 2002, recited the statutorily required language, and included the child's name and her status as "a person under the age of thirteen years." Defendant was aware of the date of the alleged offenses, and his non-custodial interview statement references some of the acts he committed. Sufficient pretrial documentation was provided to defendant.
 

 The granting of a bill of particulars is a matter within thediscretion of the trial court, and "not subject to review except for palpable and gross abuse of discretion."
 
 State v. Taylor,
 

 304 N.C. 249
 
 , 258,
 
 283 S.E.2d 761
 
 , 768 (1981),
 
 cert. denied,
 

 463 U.S. 1213
 
 ,
 
 77 L. Ed. 2d 1398
 
 (1983). Here, the trial court entered an order denying defendant's motion for a bill of particulars, except to require the State "to provide a general description of the date and time of the offenses and a general description of the acts which the State contends meet the elements of the First[-]Degree Sexual Offenses and the Indecent Liberties with a Child offenses." The State's response provided defendant with the information ordered by the trial court, including the specific date and specific alleged acts of the offenses charged. Defendant has failed to show the trial court grossly abused its discretion by ordering the State to provide it with general information.
 

 Defendant also alleges he is not protected from double jeopardy by the language of the indictments. Our Supreme Court has ruled the use of statutory language is sufficient to satisfy constitutional requirements against double jeopardy.
 
 State v. Kennedy,
 

 320 N.C. 20
 
 , 24-25,
 
 357 S.E.2d 359
 
 , 362 (1987). As discussed above, the indictments at bar contain the language required under
 
 N.C. Gen. Stat. § 15-144.1
 
 and
 
 N.C. Gen. Stat. § 15-144.2
 
 . Defendant's assignments of error are overruled.
 

 V. Motion to Dismiss
 

 Defendant argues the trial court erred in denying his motions to dismiss and to set aside the verdicts on the grounds that the State presented unconstitutionally vague, contradictory, confusing,and insufficient evidence to the jury to sustain six separate charges. We disagree.
 

 Defendant has failed to cite any authority to support his argument and has abandoned these assignments of error. N.C.R. App. P. 28(b)(6) (2004) ("[T]he body of the argument shall contain citations of authority upon which the appellant relies. . . . Assignments of error . . . in support of which no . . . authority is cited, will be taken as abandoned.");
 
 see also State v. Martinez,
 

 150 N.C. App. 364
 
 , 373,
 
 562 S.E.2d 914
 
 , 919,
 
 disc. rev. denied,
 

 356 N.C. 172
 
 ,
 
 568 S.E.2d 859
 
 (2002). Further, defendant does not reference any evidence or testimony in the record that he contends is "vague, contradictory, confusing, [or] insufficient." This assignment of error is dismissed.
 

 VI. Jury Instructions
 

 Defendant contends the trial court erred in failing to charge the jury regarding the specific elements of each separately identifiable offense and improperly shifted the burden of proof to defendant. We disagree.
 

 The trial court gave jury instructions and recited the specific elements the State was required to prove in order for the jury to find defendant guilty of "three counts of first-degree sexual offense" or attempted first-degree sexual offense, and "three counts of taking an indecent liberty with a child." The trial court differentiated among the six charges and instructed the jury separately on each charge, but gave the elements of each charge only once, instead of three times for each respectiveindictment. The trial court also instructed the jury on the State's burden to prove
 
 each
 
 element beyond a reasonable doubt for the three charges of first-degree sexual assault, attempted first-degree sexual offense, and three charges of taking an indecent liberty with a child.
 

 Although the trial court did not give an instruction for each distinct criminal act allegedly committed, the verdict sheets submitted to the jury identified the six offenses by their respective case numbers, the felony charge, and an identification of each instance. Based on the verdict sheets submitted to the jury, the jury could find defendant guilty or not guilty of: (1) "First Degree Sex Offense with a Child by penetrating her anal opening with his fingers after getting up to quiet the dog;" (2) "First Degree Sex Offense with a Child by penetrating her genital opening with his fingers after getting up to quiet the dog;" (3) "First Degree Sex Offense with a Child by penetrating her genital opening with his fingers after getting up to check on the victim's brother;" (4) "Indecent Liberties with a Child by rubbing her breast;" (5) "Indecent Liberties with a Child by rubbing her buttocks; and/or (6) "Indecent Liberties with a Child by putting his fingers in her mouth after touching her vaginal area."
 

 The jury instructions and the verdict sheets contain the specificity required to insure an unanimous verdict by the jury.
 
 See State v. Connard,
 

 81 N.C. App. 327
 
 , 336,
 
 344 S.E.2d 568
 
 , 574 (1986),
 
 aff'd,
 

 319 N.C. 392
 
 ,
 
 354 S.E.2d 238
 
 (1987) ("It is sufficient if the verdict can be properly understood by referenceto the indictment, evidence and jury instructions."). The trial court properly instructed the jury on the State's burden of proof, defendant's presumption of innocence, and the elements of the alleged crimes that the State must prove beyond a reasonable doubt to convict defendant of each distinct charge.
 

 Defendant asserts the trial court's failure to instruct the jury by "spell[ing] out each alleged separate offense" violated his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendant does not cite any case law to support his contention. He cites, however, the United States Supreme Court case of
 
 Chapman v. California
 
 and its holding that "before a constitutional error can be harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."
 
 386 U.S. 18
 
 , 24,
 
 17 L. Ed. 2d 705
 
 , 710 (1967),
 
 reh'g denied,
 

 386 U.S. 987
 
 ,
 
 18 L. Ed. 2d 241
 
 (1967). We hold the trial court did not err in its instructions to the jury. Defendant's harmless error argument has no merit. This assignment of error is overruled.
 

 VII. Preservation Claims
 

 Defendant contends the trial court made improper evidentiary rulings that constitute reversible error. We disagree. "Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6);
 
 see also Martinez,
 

 150 N.C. App. at 373
 
 ,
 
 562 S.E.2d at 919
 
 . Defendant's assignments of error regarding the trial court's evidentiary rulings are not supported by any argumentor authority and are deemed abandoned. N.C.R. App. P. 28(b)(6).
 

 Defendant also asserts, without further argument, "The trial court improperly admitted noncorroborative statements in contravention of the holding in
 
 State v. Burton,
 

 322 N.C. 447
 
 ,
 
 368 S.E.2d 630
 
 (1988)." Defendant has cited "no reason or argument" to support his assertion and has also abandoned this assignment of error. N.C.R. App. P. 28(b)(6);
 
 see also Martinez,
 

 150 N.C. App. at 373
 
 ,
 
 562 S.E.2d at 919
 
 .
 

 VIII. Conclusion
 

 The trial court did not err in allowing Dr. Jones's expert testimony regarding whether her findings during the examination of the child were consistent with the child's testimony. The indictments gave defendant sufficient notice of the alleged crimes, and the trial court did not abuse its discretion in denying defendant's motion for a bill of particulars and instructing the State to provide defendant with more specific information on each charge. The trial court's instructions and verdict sheets submitted to the jury properly identified each distinct charge and did not deprive defendant of any constitutional rights. Defendant's other assignments of error in which no authority is cited or argument is made are dismissed. We find no error in the assignments of error defendant preserved and argued.
 

 No Error.
 

 Judges BRYANT and STEELMAN concur.
 

 Report per Rule 30(e).